## 36827. STORER BROADCASTING COMPANY v. PEEK.

JORDAN, Chief Justice.

On the morning of August 5, 1980, M. Randall Peek filed a complaint against the Storer Broadcasting Company, d/b/a WAGA-TV, alleging that the "defendant did broadcast three programs on July 30, July 31, and August 1, 1980 which were highly critical of plaintiff, and the said three programs were deliberately and wilfully malicious and calculated to injure the reputation of plaintiff and cause his defeat for re-election to the office of District Attorney of the Stone Mountain Judicial Circuit," that "the plaintiff . . . has a right to equal time to respond . . . pursuant to Title 47 USCA § 315," and that, "under the fairness doctrine, the plaintiff is further guaranteed his right to respond."

Following a hearing, the trial court granted the following injunctive relief: "The defendant, Storer Broadcasting Company, d/b/a WAGA-TV, is ordered to broadcast the taped statement of the plaintiff in its' entirety on the twelve o'clock and six o'clock news program of WAGA-TV (Channel 5) *on the 5th day of August, 1980.* Said taped statement is the statement of the plaintiff which was taped at television station WAGA on the fourth day of August, 1980, at or about 3:30 p.m. on said date. . . [I]n the event any technical difficulty should arise rendering it impossible to comply with this order then and in that event, said defendant shall permit the plaintiff

to respond on said news programs live in response to the aforesaid broadcast of July 30, and 31, and August 1, 1980."

When the defendant failed to broadcast the taped statement of the plaintiff in its entirety on the defendant's August 5, 1980, twelve o'clock news program, the plaintiff filed a motion for a citation of contempt against the defendant. Said citation alleged that "the respondents will continue to violate the orders of this court and will fail and refuse to broadcast the aforesaid tape on its 6:00 p.m. news program . . . unless this matter is heard instanter, and respondents lodged in the common jail of DeKalb County until they purge themselves of said contempt."

At 2:40 p.m. that same day, however, (and prior to a ruling by the trial court on the plaintiff's motion for a citation of contempt) this court granted the defendant's motion for supersedeas and "ordered that all proceedings in the Superior Court of DeKalb County, Georgia, relative to this matter be and they are hereby suspended until further order of this court."

WAGA-TV appeals the trial court's grant of injunctive relief and Peek moves to dismiss said appeal as moot. We grant Peek's motion to dismiss.

By the force of its own terms, the injunction granted by the trial court no longer orders WAGA-TV to perform any act. "Therefore, no further judgment or order of this court in this appeal can in any wise affect the rights of the parties. It follows that the appeal in this case is moot and therefore, must be dismissed." *Carter v. Burson,* 229 Ga. 748, 749 (194 SE2d 472) (1972).

*Appeal dismissed. All the Justices concur, except Gregory, J., not participating.*

DECIDED JANUARY 15, 1981.

*Jones, Bird & Howell, Earle B. May, Jr., Eugene T. Branch, Judson Graves,* for appellant.

*Victoria D. Little,* for appellee.

*Cofer, Beauchamp, Hawes & Brown, Tom Watson Brown, James H. Rollins, Julie Childs, Cohen, Mackin, Pollock, Cooper & Comolli, John M. Comolli,* amicus curiae.