67629, 67630. MOODY et al. v. HARRIS et al.; and vice versa.

DEEN, Presiding Judge.
In 1869 Aaron and Sally Moody, the ancestors of Hoke and Hazel

Moody, purchased 50 acres of land, more or less, from John W. Harris, the ancestor of Winton and Jonathan Harris. On September 27, 1982, Hoke and Hazel Moody commenced this action to quiet title and enjoin Winton and Jonathan Harris from cutting timber on the above property. The trial court granted a temporary restraining order for 30 days pursuant to OCGA § 9-11-65 (b), based upon the verified complaint and counsel's certification that immediate and irreparable injury would otherwise result. The Harrises answered that they owned the property in question and counterclaimed for damages resulting from the temporary restraint placed upon the cutting of timber.

Following the trial, the jury resolved the boundary line dispute in favor of the Harrises, and returned a verdict awarding damages of $3,400 to the Harrises on their counterclaim. The trial court entered judgment of $2,700 for the Harrises reducing the award so that it matched the amount of damages actually asserted.

In Appeal No. 67629, Hoke and Hazel Moody contend that the trial court erred in refusing to instruct the jury on the law regarding conveyances of property from a common grantor; that the trial court erred in instructing the jury on adverse possession and prescriptive title; and that the trial court erred in submitting to the jury the issue of damages asserted by the Harrises in their counterclaim. In Appeal No. 67630, the Harrises contend that the trial court should have allowed the jury to consider awarding punitive damages and attorney fees as well on the counterclaim. *Held*:

1. A party may not complain of a trial court's failure to give requested jury instructions unless that party objects to the omission prior to the jury's return of the verdict. *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8 (195 SE2d 417) (1973); *Hunter v. Batton*, 160 Ga. App. 849 (288 SE2d 244) (1982); *McChargue v. Black Grading Contractors*, 122 Ga. App. 1 (176 SE2d 212) (1970). In this case, counsel for the Moodys specifically replied to the trial court's inquiry that he had no objections to the instructions given to the jury. Accordingly, the Moodys may not now complain of that omission.

Similarly, there is no merit to the contention that the trial court erred in instructing the jury on adverse possession and prescriptive title. Not only did counsel for the Moodys fail to object to the trial court's instructions to the jury on such, but he actually requested those charges. The Moody appellants may not complain of such an invited error, if an error, in a request to charge. *McCravy v. State*, 238 Ga. 432 (233 SE2d 210) (1977); *Burton v. State*, 151 Ga. App. 176 (259 SE2d 176) (1979); cf. *Marlow v. Lanier*, 157 Ga. App. 184 (276 SE2d 867) (1981).

2. The Moodys contend that the trial court erred in allowing the jury to award damages to the Harrises caused by the delay in cutting

and marketing the timber, while in the cross-appeal the Harrises contend that the trial court should have likewise submitted the issue of punitive damages and attorney fees to the jury. In counterclaiming for damages, the Harrises did not originally label the cause of action as one in malicious use of process; on appeal, however, the Harrises clearly base their claim for punitive damages and attorney fees on the validity of the alleged malicious use of process cause of action.

A claim for malicious use of process cannot be asserted by counterclaim in the trial of the initial action. *Fender v. Ramsey & Phillips*, 131 Ga. 440 (62 SE 527) (1908); *Wallace v. Jones*, 101 Ga. App. 563 (114 SE2d 436) (1960). This is true not only because such a counterclaim would be deficient because of the absence of a requisite element of the cause of action of malicious use of process, i.e., a favorable termination of a prior proceeding, but because "[t]here is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it, while it is still pending." *Fender v. Ramsey & Phillips*, supra at 443; *Medoc Corp. v. Keel*, 152 Ga. App. 684 (263 SE2d 543) (1979). The trial court thus properly refused to allow the jury to consider awarding the Harrises punitive damages and attorney fees, and it did not matter that the Moodys failed to raise that issue below.

Insofar as the Harrises sought recovery for any actual damages resulting from the temporary restraint placed upon their cutting and marketing the timber, we conclude that a proper counterclaim was stated. OCGA § 9-11-65 (c) recognizes the right to recover actual damages resulting from a wrongful restraint, by requiring the applicant to give security against such damages. Nevertheless, the only evidence adduced to prove these actual damages was the testimony of Jonathan Harris and Winton Harris, stating that they had lost about $1,500 and $1,200, respectively, because of the inability to sell the timber when the market was more favorable; neither stated how much wood had been sold at a reduced price or had not been sold at all. Absent some basis upon which the jury could determine the extent of the losses suffered, this testimony was not probative evidence to support any jury verdict; the Harrises' general assertion of lost profits simply provided no framework for jury deliberation on the issue of damages. While there is no one "legal legerdemain nor mathematical magic that will permit arithmetical accuracy for determining the amount a jury will return in any case," Clark and Clark, Georgia Settlements Law & Strategies, § 4-1, p. 37, "information or data sufficient to enable them to estimate the loss with reasonable certainty" must be provided. *Dept. of Transp. v. Vest*, 160 Ga. App. 368, 369 (287 SE2d 85) (1981); *DeVane v. Smith*, 154 Ga. App. 442 (268 SE2d 711) (1980). Lacking any probative value, the general testimony about lost profits in this case cannot support the damages award of $2,700,

and that award must be reversed. Cf. *Hagin v. Powers*, 140 Ga. App. 300 (3) (231 SE2d 780) (1976).

*Judgment affirmed in part and reversed in part in Appeal No. 67629; judgment affirmed in Appeal No. 67630. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1984 —
REHEARING DENIED MARCH 13, 1984 — 

*Richard D. Phillips*, for appellants.
*William A. Zorn*, for appellees.