40683. WHALEY v. ALCO STANDARD CORPORATION.
40944. HART v. ALCO STANDARD CORPORATION.
(315 SE2d 654)

CLARKE, Justice.

This appeal calls in issue the provisions of employment contracts between appellants Whaley and Hart, as employees, and Alco Standard Corporation (Alco) as the employer. The contracts contained covenants not to sell or rent photocopying equipment within specified counties in Georgia and Alabama for a period of one year, not to so-

licit as customers for one year those who were customers of Alco at the time of termination, and not to divulge the names of these customers for a period of one year. Whaley and Hart terminated their employment with Alco and Alco brought suit in Muscogee and Harris counties to enjoin them from breaching these covenants.

The trial court issued an injunction in each case, finding that the anti-competition and anti-solicitation covenants in question were reasonable as to duration, territory and restricted activities. The court found that the covenants had been violated by both Whaley and Hart, who each owned a one-third interest in a business in competition with Alco.

Appellants Whaley and Hart contend that the case of *Ward v. Process Control Corp.*, 247 Ga. 583 (277 SE2d 671) (1981), is directly on point. In *Ward* we held that the employment contract which prohibited former employees from transacting *any* business with an entity which has transacted business with the company within twelve months preceding the date of termination of the employment was unreasonable in the scope of business activities prohibited. The present contract restricts only the selling or renting of photocopying equipment and the solicitation of customers who were customers of employer at the time of termination. The present contract is therefore reasonable in the scope of its prohibited activities. The contract, which is also reasonable as to duration and territory, is therefore not violative of public policy as in restraint of trade.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 22, 1984.

*Worthington & Flournoy, Samuel W. Worthington III,* for appellants.

*Sprouse, Tucker & Ford, William L. Tucker, David A. Kendrick,* for appellee.