42807. SOUTHERN INTERMODAL LOGISTICS, INC.
v. TAYLOR MAID TRANSPORTATION, INC. et al.
(338 SE2d 678)

GREGORY, Justice.

On January 1, 1982, appellee Jack Sanford, then President of appellant Southern Intermodal Logistics, Inc. (SIL), sold his controlling interest in SIL to United States Intermodal Corporation. Simultaneously Sanford executed an employment and non-competition agreement in which he promised that should his employment with SIL terminate, he would refrain from competing with SIL for three years from the date he left SIL's employment.

On July 14, 1982, Sanford voluntarily terminated his employment with SIL, and according to SIL, began competing with it in violation of the non-competition agreement.

On July 12, 1985 SIL obtained a temporary restraining order to prevent Sanford from engaging in further competitive acts. That same day SIL filed a "complaint for damages and injunctive relief" against Sanford and the remaining appellees in which SIL alleged that the appellees had conspired to violate the non-competition agreement. SIL prayed for interlocutory and permanent injunctive relief; compensatory and punitive damages; and reformation of the non-competition clause of the agreement "to require Sanford to abide by the terms of the non-competition clause for three years from the date of any judgment entered against Sanford. . . ."

On August 26, 1985, the trial court entered an order denying SIL's application for injunctive relief on the ground that the three-year period of non-competition had expired on July 14, 1985. The trial court refused to reform the contract to extend the period of non-competition, but left pending the issue of damages for the alleged breach of the contract. SIL appeals.

We agree with the trial court that the issues raised by SIL are moot. *Coffee System of Atlanta v. Fox,* 227 Ga. 602 (182 SE2d 109) (1971). The fact that this is arguably a non-competition agreement ancillary to the sale of a business as opposed to the execution of an employment contract does not change this result.

*Judgment affirmed. Hill, C. J., Marshall, P. J., Clarke, Smith, Bell, JJ., and Judge Clarence R. Vaughn, Jr., concur. Weltner, J., disqualified.*

*Jones, Cork & Miller, Charles L. Ruffin, Jerry A. Lumley,* for appellant.

*Frank T. Holt, Walter M. Deriso, Jr.,* for appellees.