## 45610. WILEY v. ROYAL CUP, INC.
(370 SE2d 744)

GREGORY, Justice.

On September 23, 1983, Wiley entered into an employment contract with Royal Cup, Inc., to serve as a district sales manager for its office coffee supply business. Wiley tendered his written resignation from employment on September 29, 1987. Royal Cup then filed an application for interlocutory injunction, seeking to enforce restrictive covenants contained in the employment contract. The trial court determined the covenants are valid and that Wiley had breached their provisions. The court granted an interlocutory injunction in favor of Royal Cup and Wiley appeals.

Paragraph eleven of the employment agreement provides:

(a) The District Sales Manager, during his employment by the Company and within a period of one (1) year after the termination of his employment, with or without cause, will not divulge to any person, partnership, firm, or corporation not employed by or affiliated with the Company, any of its business methods, sales, service, or distribution techniques, selling prices, or the names or addresses of its present or prospective customers.

(b) The District Sales Manager further covenants that within the Territory, he will not at any time within a period of two (2) years next following the termination of his employment with the Company, with or without cause:

(1) For himself or any other person, partnership, firm, or corporation, solicit or accept orders for items of a nature similar to or competitive with those described in Exhibit "A" attached hereto from any person, partnership, firm, or corpora-

tion who or which shall have been a customer of the Company during any part of the two (2) year period immediately preceding the termination of his employment or who or which was solicited or contacted by the Salesman during the term of his employment by the Company; or

(2) In any way solicit, divert, take away, or interfere with, or attempt to solicit, divert, take away, or interfere with any of the custom, trade, business, or patronage of the Company, or in any way harass, threaten, or intimidate any person who shall be employed by the Company.

1. Wiley argues the covenant not to solicit, 11(b), is invalid because the territorial restriction is unreasonable. Exhibit B to the employment contract specifies that the territory to which the covenant not to solicit applies covers 18 named counties in the State of Georgia.[1] The undisputed evidence in the record shows that Wiley never worked in eight of the restricted counties, and the parties have stipulated that Royal Cup does not do business in six of these counties.

At issue in *Guffey v. Shelnut & Assoc.*, 247 Ga. 667 (278 SE2d 371) (1981), was the validity of a covenant not to solicit which contained no description of the territory in which the employee was prohibited from soliciting his former employer's customers. The employer argued that the traditional rules regarding territorial restrictions should not apply to a covenant not to solicit because in such a case the territory is necessarily circumscribed by the geographic location of the employer's customers. We rejected this argument holding that a covenant not to solicit must specify with particularity the territory in which the employee is restricted from soliciting. We also noted that with regard to the rules of territorial restrictions, "[t]here is a vital difference between the territory in which the employer does business and the territory in which the employee [does] business," citing *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181 (236 SE2d 265) (1977). 247 Ga. at 670, n. 3.

In *Howard Schultz*, a case involving a covenant not to compete, we held that territorial restrictions which relate to the territory in which the employee worked are generally enforceable. Those restrictions which relate to the territory in which the employer does business but the employee did not work will not be enforced absent a showing by the employer of the legitimate business interest sought to be protected.

[1] These counties are DeKalb, Fulton, Cobb, Gwinnett, Forsyth, Douglas, Carroll, Paulding, Polk, Floyd, Cherokee, Bartow, Clayton, Fayette, Henry, Hall, Jackson, and Spalding.

It appears that the justification for this difference in treatment is that a court will accept as prima facie valid a covenant related to the territory where the employee was employed as a legitimate protection of the employer's investment in customer relations and good will. Thus a court will enforce an agreement prohibiting an employee from pirating his former employer's customers served by the employee during the employment, at the employer's direct or indirect expense. Conversely, a court will not accept as prima facie valid a covenant related to the territory where the employer does business where the only justification is that the employer wants to avoid competition by the employee in that area.

*Howard Schultz & Assoc. v. Broniec*, supra at 183-4.

We apply this same requirement to a territorial restriction in a covenant not to solicit. See *Whaley v. Alco Standard Corp.*, 253 Ga. 5 (315 SE2d 654) (1984). In the case before us, the territorial restriction goes beyond the area in which Wiley served the customers of Royal Cup: Wiley is prohibited from soliciting customers in Bartow and Hall counties, counties in which Royal Cup does business, but where, it is undisputed, Wiley has never worked on behalf of Royal Cup. We conclude that the effect of this territorial restriction is not to protect the legitimate business interests of Royal Cup, but to prevent Wiley from competing against Royal Cup in these counties. As such, the territorial restriction is unreasonable and must fall. Since the "blue pencil theory of severability" does not apply to employment contracts in Georgia, the entire covenant not to solicit is void. *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636, 640 (261 SE2d 572) (1979). The trial court erred in holding it is enforceable against Wiley.

2. Wiley complains that the trial court erred in holding the covenant not to disclose, 11 (a), is valid. We held in *Durham v. Stand-by Labor*, 230 Ga. 558 (2) (b) (198 SE2d 145) (1973), that in determining the reasonableness of a covenant not to disclose, the courts must consider

1) whether the employer is attempting to protect confidential information relating to the business, such as . . . methods of operation, names of customers, personnel data. . . and 2) whether the restraint is reasonably related to the protection of the information.

In this case the covenant specifically prohibits the disclosure of methods of operation and prices used by Royal Cup, as well as the names of Royal Cup's customers. Wiley has acknowledged in his employment

contract that these items constitute confidential information. We hold that this restraint, imposed on Wiley for a period of one year may be enforced independently of a covenant not to compete whether it is in the same or distinct provisions of the employment agreement. *Howard Schultz & Assoc. v. Broniec*, 239 Ga., supra; *Durham v. Stand-by Labor*, supra, 230 Ga. at 563.

3. We have examined Wiley's remaining allegations of error and find them to be either without merit, or unnecessary for decision in light of our holding in Division 1.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent. Hunt, J., disqualified.*

WELTNER, Justice, dissenting.

I respectfully dissent.

The holding in *Guffey v. Shelnut & Assoc.*, 247 Ga. 667, 670 (278 SE2d 371) (1981) is:

> Although a covenant prohibiting solicitation of the employer's customers is less restrictive than a covenant prohibiting competition, both must specify the territory in which the employee is to be foreclosed. A covenant prohibiting solicitation of the employer's customers which does not specify the territory is unenforceable.[1]

It is established in *Guffey* that "a covenant prohibiting solicitation of the employer's customers is less restrictive than a covenant prohibiting competition. . . ." Id. Because we do not apply to such covenants all of the limitations that pertain to covenants not to compete, *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181 (236 SE2d 265) (1977), relied upon by the majority, is not controlling.

Rather, the inquiry should be whether *in this case* it is unreasonable to require a district sales manager to covenant not to solicit his employer's customers in an 18 county area when, in twelve of those counties, Royal Cup had customers.[2] Where Royal Cup had *no* customers, the restraint upon Wiley is almost illusory, as it prohibits the solicitation of "customers" that do not exist.

I suggest that this limitation is entirely reasonable. Wiley should be held to his covenants.

I am authorized to state that Chief Justice Marshall joins in this

---

[1] The covenant prohibiting solicitation in this case does "specify the territory in which the employee is to be foreclosed," proscribing solicitation in 18 named Georgia counties.

[2] According to 1980 census data, the twelve counties include 89.6% of the population of the 18 county area.

dissent.

DECIDED JUNE 30, 1988.

*Kessler & Sparks, Steward A. Sparks III,* for appellant.
*Wildman, Harrold, Allen, Dixon & Branch, Thomas B. Branch III,* for appellee.