A91A0724. YOUNG v. GRIFFIN LUMBER COMPANY et al.
(409 SE2d 264)

BEASLEY, Judge.

Young sued Griffin Lumber Company, Wendell Merritt, and

Sercer Logging Company for conversion of timber allegedly cut by them on land he owned.

Merritt purchased property from Young in January 1980. Young's complaint is that Merritt did not cut timber from his own tract, but rather from an adjacent tract owned by Young. At trial, Young sought damages representing the value of the timber, plus attorney fees.

Merritt denied the material allegations of the complaint and filed a counterclaim for abusive litigation. Griffin Lumber and Sercer answered the complaint and filed a cross-claim against Merritt, on grounds that they had purchased the timber from him and he agreed to indemnify them from any loss due to damages sought by Young.

The evidence showed that the tract of land purchased by Merritt consists of 130 acres more or less and lies to the east of an adjacent tract owned by Young. A portion of the boundary line between the two tracts consists of the main run of the Alapaha River. Young and Merritt, being uncertain as to the location of this boundary, commissioned a survey of the property prior to closing the sale. Based on this survey, the main run of the river was marked with orange flags. Merritt and the surveyor met with Young following the survey, and they agreed to the boundary line established by the survey.

During the latter part of 1987, appellees began cutting timber from Merritt's tract generating revenue significantly in excess of the amount of money he had paid for the tract. Young claimed that the timber was being cut from his property. He instructed a different surveyor to mark the main run of the river, which was done with yellow flags.

At trial, Merritt, as well as Griffin Lumber and Sercer, moved for directed verdict. The trial court reserved ruling, and the jury returned a verdict in favor of defendants. Merritt's counterclaim produced a verdict and judgment in favor of Merritt for $5,000.

1. Young enumerates error on the trial court's charge to the jury to the effect that an unascertained boundary line between coterminous properties may be established by oral agreement executed by the erection of monuments or markings done with the knowledge and mutual assent of the respective owners. It is taken from *Greenway v. Griffith*, 225 Ga. 632, 636 (4) (170 SE2d 423) (1969). See also *Tietjen v. Dobson*, 170 Ga. 123, 124 (3) (152 SE 222) (1930).

Young's contention is that this proposition of law does not apply because the survey commissioned by the parties was to determine the number of acres in the tract and not the boundary line. The evidence shows that the survey was commissioned for both purposes. In addition, a recitation in the deed stated that the property was being sold by the tract and not by the acre and that there would be no adjustment in price if a survey disclosed an actual acreage at variance from

130. Appellant's contention fails.

2. Young enumerates error on the trial court's charge from *Cothran v. Burk*, 234 Ga. 460, 461 (216 SE2d 319) (1975), to the effect that an unascertained or uncertain boundary line may be established by either: (a) an oral agreement accompanied by actual possession to the line, or (b) by acquiescence for seven years by acts or declarations of the adjoining landowner.

Contrary to Young's argument, the evidence authorized the jury to find in favor of Merritt under either theory. Moreover, Young requested a substantially identical charge, which precludes his complaint. *Moody v. Harris*, 170 Ga. App. 254 (1) (316 SE2d 781) (1984).

3. Young enumerates error in the failure to grant his motion for directed verdict as to Merritt's counterclaim for abusive litigation, governed by *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). The court reserved ruling on the motion and then did not rule on it after the jury awarded damages to Merritt on the counterclaim. Young argues that the evidence demanded a finding that he did not engage in abusive litigation.

The jury was instructed that "in respect to any party who asserts a claim with respect to which there exists a complete absence of any justiciable issue of law or fact, that it reasonably could not be believed that a court would accept the asserted claim, that lacks substantial justification, or is imposed for delay or harassment, shall be liable to an opposing party who suffers damages thereby." See *Yost*, supra at 96 (13); OCGA § 9-15-14 (a), (b). No exception was raised to this charge.

From our review of the evidence in this case the jury could reasonably infer that Young's suit suffered from one of the defects described in *Yost*, supra at 96 (13), thereby authorizing the award of damages. See *Whitley v. Bank South*, 185 Ga. App. 896, 901 (4) (366 SE2d 182) (1988).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JULY 9, 1991 —
RECONSIDERATION DENIED JULY 29, 1991 —

*Reinhardt, Whitley & Wilmot, John R. Reinhardt, Bob Reinhardt*, for appellant.

*Jay, Sherrell & Smith, Robert E. Sherrell, Roberts, Roberts & Ingram, Lawrence W. Roberts*, for appellees.