A00A0610, A00A0611. HOGAN MANAGEMENT SERVICES, P.C.
v. MARTINO; and vice versa.
(530 SE2d 508)

JOHNSON, Chief Judge.

In October 1994, Hogan Management Services, P.C.,[1] located in Forsyth County, agreed to pay Dr. Joseph Martino for his physician services. The parties' written agreement contains a paragraph entitled "Covenant Not to Compete," which includes both a noncompetition clause and a nonsolicitation clause. The noncompetition clause provides:

> In the event of termination of this Agreement, Provider [Martino] agrees that Provider will not, within a period of eighteen (18) months, engage in the practice of medicine or surgery within a radius of ten (10) miles of any practice site(s) at which Provider has practiced under this Agreement.

---

[1] After this lawsuit was filed, Hogan Management Services changed its name to Orthopaedic & Sports Clinic, P.C. Nevertheless, the parties still refer to the corporation as Hogan in their briefs. We therefore shall also refer to the corporation as Hogan in this opinion.

The covenant's nonsolicitation clause provides:

> Provider further agrees not to solicit any patients of the Corporation [Hogan] to become the patients of Provider nor to attempt to influence any employees of Corporation to terminate their employment in order to work with Provider following termination.

Hogan terminated the agreement in April 1995. And in August of that year, Martino opened his own medical practice in Forsyth County.

The day after Martino opened his office, Hogan filed a lawsuit seeking to enjoin Martino based on his alleged violation of the covenant not to compete. On August 4, 1995, the trial court issued a temporary restraining order against Martino. Martino answered the complaint and filed a counterclaim for damages arising from the allegedly wrongful temporary injunction.

The court held an evidentiary hearing on Hogan's claim for injunctive relief, and on October 16 it denied the claim on the ground that the covenant not to compete is unenforceable. The court found the noncompetition clause in the covenant to be unenforceable because the term "practice site(s)" is not defined by the contract and is so ambiguous that Martino had no notice of what would be a violation of the territorial limitation. The court also ruled that the nonsolicitation clause in the covenant is unenforceable because it contains no time or territorial limitations, and it is overly broad in that it prohibits the solicitation of any patients regardless of whether Martino actually had contact with them while working for Hogan. Hogan moved the court to reconsider its ruling, but the court denied the motion.

In April 1996, Hogan appealed the trial court's decision to the Supreme Court of Georgia, which transferred the appeal to this court. In March 1997, we dismissed the appeal and remanded the case to the trial court because Martino's counterclaim for damages had not yet been decided, so there was no final appealable judgment as to all issues in the case.

On remand, the trial court dismissed Martino's counterclaim. The court found that because it had not ordered Hogan to post a security bond as a condition of the temporary restraining order, then under OCGA § 9-11-65 (c) Martino could not recover damages from Hogan even if the temporary injunction was wrongful.

Hogan filed the instant appeal, challenging the trial court's finding that the restrictive covenant is unenforceable. And Martino filed a cross-appeal contesting the trial court's dismissal of his counterclaim.

## *Case No. A00A0610*

1. The duration of a covenant not to compete is not tolled during litigation.[2] And when the duration of that covenant has expired, an action seeking injunctive relief pursuant to the covenant is moot.[3]

In this case, the covenant's noncompetition clause had a duration of 18 months from the date the contract was terminated. Hogan terminated the contract on April 26, 1995. The term of the covenant's noncompetition clause therefore expired 18 months later on October 26, 1996. Because the duration of the covenant expired more than three years ago, Hogan's action seeking injunctive relief is now moot, as is this appeal.

Moreover, even if the appeal were not moot, there is no question that the trial court correctly found that the nonsolicitation clause in the covenant is overly broad because it has no time limitation, no territorial limitation, and it prohibits Martino from soliciting *any* patient, not only those with whom he actually had contact while working for Hogan.[4] The trial court properly ruled that, in the context of the parties' employment contract, it had no authority to alter or "blue pencil" this unenforceable nonsolicitation clause, which thus rendered the entire covenant not to compete unenforceable.[5]

Because Hogan's appeal is moot and the trial court did not err in finding the entire covenant to be unenforceable, the court's judgment against Hogan on its complaint seeking injunctive relief pursuant to the covenant is affirmed.[6]

## *Case No. A00A0611*

2. OCGA § 9-11-65 (c) authorizes a trial court, in its discretion, to require an applicant for a restraining order to post a security bond to pay for any damages that might be suffered by the restrained party if the restraint turns out to be wrongful. That Code section provides:

As a prerequisite to the issuance of a restraining order or an interlocutory injunction, the court may require the giving of

---

[2] *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755, 757 (4) (493 SE2d 132) (1997).

[3] *Southern Intermodal Logistics v. Taylor Maid Transp.*, 255 Ga. 390 (338 SE2d 678) (1986).

[4] *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465-468 (2) (422 SE2d 529) (1992); compare *Chaichimansour v. Pets Are People Too*, 226 Ga. App. 69, 70-72 (1) (485 SE2d 248) (1997).

[5] *Ward v. Process Control Corp.*, 247 Ga. 583, 584 (2) (277 SE2d 671) (1981); *Johnstone v. Tom's Amusement Co.*, 228 Ga. App. 296, 297 (1) (491 SE2d 394) (1997) (physical precedent).

[6] See *Southern Intermodal Logistics*, supra; *Windsor-Douglas Assoc. v. Patterson*, 179 Ga. App. 674, 675 (2) (347 SE2d 362) (1986).

security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been enjoined or restrained wrongfully.[7]

By authorizing a court to require the posting of a security bond, this Code section recognizes that a party who is wrongfully restrained has the right to recover actual damages resulting from that wrongful restraint.[8]

In the instant case, when Hogan sought and obtained a temporary restraining order against Martino, the trial court did not require Hogan to post a security bond. Martino later counterclaimed for damages arising from the allegedly wrongful restraint. But the court eventually dismissed that counterclaim, finding that because it had not required Hogan to post a security bond, Martino is now foreclosed from seeking any damages for the temporary restraint.

The trial court's finding was incorrect. An applicant for a restraining order does so at its own peril because if it succeeds in obtaining a restraint that is later determined to have been wrongful, then the wrongfully restrained party may recover actual damages caused by that restraint from the applicant.[9] A trial court's decision under OCGA § 9-11-65 (c) to require the giving of a security bond is not a prerequisite to a wrongfully restrained party's right to recover damages. Rather, the posting of a security bond is simply a method by which the court may protect a wrongfully restrained party's rights by ensuring that there is a sum of money to pay any damages. Thus, a court's decision not to require the applicant to give a security bond simply means that a wrongfully restrained party will not have the protection of a secured source of money for its damages, but that decision does not automatically eliminate the applicant's peril that it might later be liable for damages caused by a wrongful restraint. The wrongfully restrained party will still have its right to recover damages; it just will not have a secured source of money from which to make its recovery.

Consequently, the trial court in this case erred in concluding that because it did not order Hogan to post a security bond that Martino has no right to recover any actual damages caused by the wrongful temporary restraint. Martino still has the right to recover any actual damages; he simply does not have a security bond from which to make his recovery. The trial court's dismissal of Martino's counterclaim is thus reversed.

---

[7] OCGA § 9-11-65 (c).
[8] *Moody v. Harris*, 170 Ga. App. 254, 256 (2) (316 SE2d 781) (1984).
[9] Id.

And because the trial court has already correctly determined that the covenant not to compete upon which the temporary restraint was based is unenforceable, there is no question that the restraint was wrongful. The trial court therefore also erred in not granting summary judgment to Martino on the issue of Hogan's liability for the wrongful restraint. Thus, the only question remaining to be decided on the return of this case to the trial court is the amount of actual damages, if any, suffered by Martino.

*Judgment affirmed in Case No. A00A0610. Judgment reversed and case remanded with direction in Case No. A00A0611. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 3, 2000 —
RECONSIDERATION DENIED MARCH 16, 2000 — 

*Banks, Stubbs & Neville, Rafe Banks III, Baylor B. Banks*, for appellant.

*Morris, Manning & Martin, Jefferson D. Kirby III, David L. Moss*, for appellee.

