### A01A2279. RIDDLE v. GEO-HYDRO ENGINEERS, INC.
(561 SE2d 456)

MILLER, Judge.

This case involves the enforceability of restrictive covenants found in an employment agreement prohibiting the employee from performing certain services and from soliciting the company's clients for any purpose during a two-year period after termination and within a four-county area.[1] The trial court upheld the covenants as enforceable. Since the nonsolicit covenant is unenforceable, the non-compete covenant is also unenforceable, requiring that we reverse.

Michael Riddle was an employee with Geo-Hydro Engineers, Inc. for more than ten years when in 1997 he entered into an employment agreement containing certain restrictive covenants. The post-employment covenants provided:

> (a) For and during a period of two years commencing imme-diately following Termination, the Employee shall not within [a defined] Territory: (i) individually or for or on behalf of any other person engage, directly or indirectly, in the business of providing, performing or rendering [certain soil-testing] Services; (ii) directly or indirectly for himself or on behalf or in connection with any other person solicit, divert, or attempt to take away any of the clients of the Com-pany with whom the Employee had Material Contact during the twelve (12) month period preceding Termination. . . .

---

[22] See *Stone*, supra.

[1] Riddle does not challenge the covenant of no-hire.

In November 2000, Riddle left employment with Geo-Hydro and, along with another former employee, started a business providing geotechnical and environmental engineering and construction materials testing services. In response to Geo-Hydro's complaint for injunctive relief alleging that Riddle was in violation of the restrictive covenants, Riddle counterclaimed for a declaratory judgment that the covenants were unenforceable. Riddle now appeals the trial court's ruling that the covenants were in fact reasonable and enforceable.

"A contract in general restraint of trade or which tends to lessen competition is against public policy and is void." (Footnote omitted.) *Habif, Arogeti & Wynne, P.C. v. Baggett*, 231 Ga. App. 289, 292 (2) (498 SE2d 346) (1998). A restrictive covenant in an employment contract, whether a noncompete covenant or a nonsolicit covenant, is considered in partial restraint of trade and will be enforced if reasonable, founded on valuable consideration, reasonably necessary to protect the interest of the party in whose favor it is imposed, and if it does not unduly prejudice the interest of the public. *Kuehn v. Selton & Assoc.*, 242 Ga. App. 662, 663 (1) (530 SE2d 787) (2000); *Sysco Food Svcs. &c. v. Chupp*, 225 Ga. App. 584, 585 (1) (484 SE2d 323) (1997).

> Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court, which considers the nature and extent of the trade or business, the situation of the parties, and all the other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied.

(Punctuation and footnote omitted.) *Habif*, supra, 231 Ga. App. at 292 (2).

"The first step in considering the enforceability of restrictive covenants is to determine the level of scrutiny to be applied." (Footnote omitted.) *Advance Technology Consultants v. RoadTrac*, 250 Ga. App. 317, 319 (1) (551 SE2d 735) (2001). Covenants ancillary to an employment contract receive strict scrutiny and cannot be blue penciled. *Habif*, supra, 231 Ga. App. at 289 (1).

We need only address the covenant not to solicit, which prohibits Riddle from soliciting any clients of Geo-Hydro with whom Riddle had "Material Contact" during the 12 months preceding his termination. This covenant is overbroad in that it does not limit the purpose for which Riddle may not solicit Geo-Hydro clients. "As this prohibits [Riddle] from contacting these clients to sell them unrelated products such as soap or banking products, the covenant[ ] clearly [goes] beyond what is necessary to protect [Geo-Hydro's] business inter-

ests." (Footnote omitted.) *RoadTrac*, supra, 250 Ga. App. at 322 (4). Accordingly, we hold that the nonsolicit covenant is overbroad and unenforceable.

Since the nonsolicit covenant is unenforceable, the noncompete covenant is also unenforceable, as Georgia does not employ the "blue pencil" doctrine of severability to restrictive covenants in employment contracts. *RoadTrac*, supra, 250 Ga. App. at 320 (2). Thus, the court erred in finding Riddle's post-employment covenant not to compete and covenant not to solicit enforceable.

*Judgment reversed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MARCH 6, 2002.

*McArthur & McArthur, John J. McArthur*, for appellant.

*Fortson, Bentley & Griffin, John B. Parker, Roy E. Manoll III*, for appellee.