A08A0245. TRUJILLO v. GREAT SOUTHERN EQUIPMENT SALES, LLC.
(657 SE2d 581)

BLACKBURN, Presiding Judge.

In this case regarding restrictive covenants in an employment agreement, Sarah Alexandra Trujillo ("Trujillo") appeals the trial court's interlocutory injunction in favor of her former employer, Great Southern Equipment Sales, LLC ("Great Southern"), contending that the court erred in finding that the restrictive covenants were enforceable. For the reasons set forth below, we reverse the part of the trial court's interlocutory injunction that found that the nonsolicitation and noncompetition covenants were enforceable, but we otherwise affirm.

The record shows that Great Southern is a company headquartered in Savannah and is engaged primarily in the business of selling transportation equipment such as containers, chassis, and trailers.

---

[6] *Kicklighter v. Woodward*, 267 Ga. 157, 161 (4) (476 SE2d 248) (1996).

[7] *Robinson v. Ellis*, 268 Ga. App. 52, 54 (2) (a) (601 SE2d 426) (2004).

In February 2005, Great Southern hired Trujillo to work as a salesperson. Over the next couple of months, Trujillo received on-the-job training from Great Southern's president. The president also provided Trujillo with lists of Great Southern's customers and introduced her to many of the company's customers and suppliers. In November 2005, Great Southern had Trujillo and another salesperson sign a "Confidentiality and Restrictive Covenant Agreement." In addition to a confidentiality provision, the agreement included separate nonsolicitation and noncompetition clauses.

In early May 2007, Trujillo resigned from her sales position with Great Southern. Within days of her resignation, Trujillo began engaging in the same type of business as Great Southern under the name "International Equipment Source of Savannah." Around this same time, Great Southern was notified by some of its customers that Trujillo had started competing with Great Southern and was soliciting its customers' business. Consequently, on May 7, 2007, attorneys for Great Southern demanded, via written correspondence, that Trujillo adhere to the terms of the "Confidentiality and Restrictive Covenant Agreement" and cease contacting Great Southern customers. In the same correspondence, the attorneys for Great Southern further demanded that Trujillo immediately return any Great Southern property in her possession.

Trujillo failed to comply with this demand. As a result, on May 29, 2007, Great Southern filed a lawsuit against her, seeking declaratory relief, injunctive relief, and damages for breach of contract; Great Southern also filed a motion for a temporary restraining order. The next day, the trial court granted Great Southern's motion for a temporary restraining order against Trujillo, enjoining her from competing with Great Southern and soliciting its customers. On July 3 and 5, 2007, the trial court held a hearing on Great Southern's motion for interlocutory injunction. After the hearing, the trial court ruled in favor of Great Southern. Subsequently, the court issued a written order, finding that the "Confidentiality and Restrictive Covenant Agreement" was enforceable, enjoining Trujillo from competing with Great Southern and soliciting its customers, and directing Trujillo to return any Great Southern property in her possession. This appeal followed.

"The purpose for granting interlocutory injunctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case." (Punctuation omitted.) *Byelick v. Michel Herbelin USA*.[1] "The decision whether to grant or deny interlocutory injunctive relief is in the discretion of the

---

[1] *Byelick v. Michel Herbelin USA*, 275 Ga. 505, 506 (1) (570 SE2d 307) (2002).

trial court and we will not disturb the trial court's order in the absence of a manifest abuse of that discretion." *Dent Wizard Intl. Corp. v. Brown.*[2] However, "the trial court's discretion can be ultimately circumscribed by the applicable rules of law." *Univ. Health Svcs. v. Long.*[3]

1. Trujillo initially contends that the trial court erred in granting the interlocutory injunction in favor of Great Southern, arguing that the "Confidentiality and Restrictive Covenant Agreement" was un-enforceable as a matter of law. Following this general attack on the agreement's validity, she specifically argues that the court erred in finding that the agreement's nonsolicitation clause was enforceable despite the fact that the clause did not contain a geographic restriction. We agree.

"In considering whether a restrictive covenant is enforceable, a court must first determine the level of scrutiny to apply." *Dent Wizard Intl. Corp.*, supra, 272 Ga. App. at 555 (1). "Restrictive covenants that are ancillary to an employment contract are subject to strict scrutiny and will be voided by Georgia courts if they impose an unreasonable restraint on trade." *Stultz v. Safety & Compliance Mgmt.*[4] See *Dent Wizard Intl. Corp.*, supra, 272 Ga. App. at 555 (1); Ga. Const. of 1983, Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2 (a) (2). Courts will enforce a restrictive covenant in an employment contract only if: "(1) the restraint is reasonable; (2) founded upon valuable consideration; (3) is reasonably necessary to protect the party in whose favor it is imposed; and (4) does not unduly prejudice the interests of the public." (Punctuation omitted.) *Dent Wizard Intl. Corp.*, supra, 272 Ga. App. at 555 (1). "Moreover, such restrictions must be strictly limited as to time, territorial effect, capacity in which the employee is prohibited from competing, and as to overall reasonableness." (Punctuation omitted.) Id. at 555-556 (1). "Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court." *W. R. Grace & Co., Dearborn Div. v. Mouyal.*[5]

In this matter, the "Non-Solicitation of Customers Covenant" contained in the agreement signed by Trujillo provided:

> During Employee's employment with Employer and for a period of three (3) years following the Separation Date, Employee shall not solicit any person or entity to whom Employer has provided products or services during the three

[2] *Dent Wizard Intl. Corp. v. Brown*, 272 Ga. App. 553, 555 (612 SE2d 873) (2005).

[3] *Univ. Health Svcs. v. Long*, 274 Ga. 829, 829-830 (561 SE2d 77) (2002).

[4] *Stultz v. Safety & Compliance Mgmt.*, 285 Ga. App. 799, 801 (648 SE2d 129) (2007).

[5] *W. R. Grace & Co., Dearborn Div. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992).

(3) years immediately preceding the Separation Date or to whom Employer is actively soliciting to provide products or services as of the Separation Date (collectively, "Customers") with the intent to sell or provide any product or service, competitive or potentially competitive, with any product or service sold or provided by Employer. The non-solicitation restriction set forth in this Section 2 is specifically limited to Customers of Employer with whom Employee had contact (whether personally, telephonically, or through written or electronic correspondence) during the three (3) year period immediately preceding the Separation Date *or about whom Employee had confidential or proprietary information because of his/her position with Employer.*

(Emphasis supplied.) The provision initially limited the nonsolicitation restriction to customers with whom Trujillo had contact while working for Great Southern. However, it significantly broadened that limitation in the very same sentence by also prohibiting Trujillo from contacting any customers about whom she at any point had confidential or proprietary information. Importantly, the prohibition contained no territorial restriction. "Georgia law is clear that unless the nonsolicit covenant pertains *only to those clients with whom the employee had a business relationship* during the term of the agreement, the nonsolicit covenant must contain a territorial restriction." (Emphasis supplied.) *Advance Technology Consultants v. RoadTrac.*[6] In *Mouyal,* supra, 262 Ga. at 467 (2), n. 3, our Supreme Court explained that

a restrictive covenant prohibiting a former employee from rendering services to *any* client of the employer must contain a territorial restriction expressed in geographic terms because that restriction, which does not take into account whether the employee had a business relationship with that client or whether it was the client who solicited the former employee, is otherwise unreasonable and overbroad in its attempt to protect the employer's legitimate interest in keeping the employee from taking advantage of the goodwill generated during his employment with the employer to lure employer customers away.

---

[6] *Advance Technology Consultants v. RoadTrac,* 250 Ga. App. 317, 321 (3) (551 SE2d 735) (2001).

(Emphasis in original.) "Thus, under *Mouyal,* a prohibition against doing business with *any* of an employer's customers, whether or not a relationship existed between the customer and the former employee, is overbroad in the absence of a reasonable territorial restriction." (Punctuation omitted; emphasis in original.) *Advance Technology Consultants,* supra, 250 Ga. App. at 322 (3). Given that the nonsolicitation provision at issue here did not limit the prohibition to only customers with whom Trujillo had contact and did not contain a territorial restriction, the provision was overbroad and unenforceable. See *Mouyal,* supra, 262 Ga. at 467 (2); *Advance Technology Consultants,* supra, 250 Ga. App. at 322 (3).

We disagree with Great Southern's argument that the prohibition barring Trujillo from also contacting customers about whom she had confidential or proprietary information merely constituted a valid confidentiality provision and therefore did not render the nonsolicitation clause unenforceable. First, having had in her possession (not necessarily in her mind) at some point in her employment a comprehensive customer list that contained confidential information about each and every customer would preclude her from contacting any customers of Great Southern during the post-termination time period. Second, the employment agreement contained a separate confidentiality clause, which was found enforceable by the trial court. That finding has not been appealed. However, contrary to Great Southern's argument, the prohibition against contacting customers about whom Trujillo had confidential or proprietary information was not a reiteration of the confidentiality clause but rather was an effort to impermissibly broaden the class of customers whom Trujillo could not solicit.

2. Because the nonsolicitation clause was unenforceable, the noncompetition clause included in the agreement was likewise unenforceable. See *Riddle v. Geo-Hydro Engineers;*[7] *Advance Technology Consultants,* supra, 250 Ga. App. at 320-321 (2). "In restrictive covenant cases strictly scrutinized as employment contracts, Georgia does not employ the 'blue pencil' doctrine of severability." *Waldeck,* supra, 261 Ga. App. at 593. See *Advance Technology Consultants,* supra, 250 Ga. App. at 320 (2). Thus, the trial court erred insofar as it enjoined Trujillo based on the unenforceable nonsolicitation and noncompetition clauses.[8] Accordingly, we reverse that part of the

---

[7] *Riddle v. Geo-Hydro Engineers,* 254 Ga. App. 119, 121 (561 SE2d 456) (2002).

[8] We note that our finding that the agreement's nonsolicitation and noncompetition clauses were unenforceable has no bearing on the issue of whether the agreement's confidentiality clause was enforceable. See *Wiley v. Royal Cup, Inc.,* 258 Ga. 357, 359-360 (2) (370 SE2d 744) (1988).

court's injunction order supported by these erroneous legal conclusions, but we otherwise affirm the order.

*Judgment affirmed in part and reversed in part. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 1, 2008.

Sarah A. Trujillo, *pro se.*
Hunter, Maclean, Exley & Dunn, Shawn A. Kachmar, Robert B. Lovett, for appellee.