A10A2331. COX et al. v. ALTUS HEALTHCARE AND HOSPICE, INC.

(706 SE2d 660)

ANDREWS, Judge.

This appeal concerns a now-dissolved interlocutory injunction enforcing restrictive covenants against Edwin Cox and in favor of his ex-employer Altus Healthcare and Hospice, Inc. After the trial court issued the injunction and the docketing of Cox's appeal concerning it in this Court, Altus amended its complaint to dismiss its claim for injunctive relief with prejudice. The trial court dismissed the claim with prejudice and dissolved the injunction. Altus then moved this Court to dismiss the appeal as moot. Cox asserts that the appeal is not moot because his counterclaim for wrongful restraint depends on the merits of its claim concerning the now-dissolved injunction. We hold that the appeal is not moot and that the injunction did amount to a wrongful restraint. We therefore remand the case for further proceedings as to any damages suffered by Cox during the pendency of the injunction.

> We review the grant or refusal of an interlocutory injunction for an abuse of discretion. Where facts are in dispute, we will reverse only in the event of manifest abuse of discretion. Where no facts are in dispute, however, the trial court's discretion is circumscribed by the applicable rules of law.

(Punctuation and footnotes omitted.) *Lowe's Home Centers v. Garrison Ridge Shopping Center &c.*, 283 Ga. App. 854, 855 (643 SE2d

288) (2007).

Here, the relevant facts are not in dispute. The record shows that at the beginning of his employment with Altus in 2008, Cox completed a form providing that "[i]n connection with my activities as an employee of Altus Healthcare and Hospice, I agree not to divulge any information I receive, including, but not limited to, patients, family members, staff, and volunteers[,] to any unauthorized persons."

In the fall of 2008, Cox and Altus entered into discussions about Cox's purchase of the business. Although the copies in the record before us are not executed, we assume that in the course of these discussions, Cox signed a confidentiality agreement including covenants not to recruit Altus officers, employees, or contractors "for a period of two years"; not to solicit referrals "at any time"; and not to disclose or use confidential information "at any time." By 2009, however, the parties had broken off negotiations. Cox acquired a different hospice provider and resigned from Altus in September 2009. There is no evidence that Cox took any confidential information with him to his new venture.

Altus then sued to enforce the covenants. After a hearing, the trial court issued an interlocutory injunction on March 3, 2010 enjoining Cox from "utilizing any Confidential Information from Altus"; "soliciting or enticing away" any person associated with Altus "for the purpose of performing services for" Cox; "soliciting or enticing away . . . any referral source of Altus"; and "using any Confidential Information" to assist "any person" having a business relationship with Altus "to restrict, vary or cease such relationship."

On March 23, Cox filed his notice of appeal. On April 28, Cox moved for leave to amend his answer to add a claim for wrongful restraint. See OCGA § 9-11-65 (c) (a trial court "may require the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been enjoined or restrained wrongfully"). The trial court granted the motion, and Cox amended his answer accordingly. On September 30, 2010, one day before its appellate brief was due, Altus amended its complaint to dismiss its claim for injunctive relief. That same day, the trial court dismissed the claim with prejudice and dissolved the injunction.

1. Having a duty to inquire into our own jurisdiction, we first examine whether this appeal should be dismissed as moot under OCGA § 5-6-48 (b) (3).

In a case involving injunctive relief, the filing of a notice of appeal does not act as supersedeas. *Brown v. Spann*, 271 Ga. 495 (520 SE2d 909) (1999). Because Cox did not seek a supersedeas

below, the trial court retained jurisdiction over the injunction during the pendency of this appeal, and its order dissolving the injunction mooted the question of its enforceability against Cox. *Storer Broadcasting Co. v. Peek*, 247 Ga. 1, 2 (273 SE2d 605) (1981) (dismissing appeal where an injunction no longer ordered the appellant to perform any act); *Hogan Mgmt. Svcs. v. Martino*, 242 Ga. App. 791, 793 (1) (530 SE2d 508) (2000) (finding appeal moot on ground that covenant in dispute had expired).

However, this Court will not dismiss an appeal as moot if "the appellant, in case of a reversal, could claim or enforce the rights insisted upon." *Seaton v. Aetna Cas. &c. Co.*, 189 Ga. App. 546, 547-548 (376 SE2d 712) (1988). Specifically, "a party who is wrongfully restrained has the right to recover actual damages resulting from that wrongful restraint." *Hogan*, 242 Ga. App. at 794 (2). This is so even when the appellate court finds that the question of the injunction's enforceability has become moot. Id. at 793-794 (1), (2) (finding appeal moot but addressing whether expired injunction was wrongful); see also *Coleman v. Retina Consultants*, 286 Ga. 317, 323, n. 5 (687 SE2d 457) (2009) (a trial court's vacatur of an injunction "does not answer the question whether the trial court erred by entering the injunction in the first place").

Here, the trial court granted Cox leave to amend his answer to include a claim for wrongful restraint, which remains pending below. Accordingly, we must decide whether the restrictive covenant actually enforced against Cox was illegal. If it was, then Cox's wrongful restraint claim is meritorious, and he may recover "such costs and damages," OCGA § 9-11-65 (c), as he may have suffered during the period of the injunction's enforcement — that is, from March 3 to September 30, 2010. Altus's motion to dismiss is denied.

2. Now effective as a result of the ratification of an amendment to the Constitution of Georgia in the general election of November 2, 2010, OCGA § 13-8-2.1 (a) authorizes covenants "that restrain in a reasonable manner."[1] However, Ga. L. 2009, p. 231, § 4 provides that the new version of the statute "shall not apply in actions determining the enforceability of restrictive covenants entered into before" the ratification. We therefore apply the law of restrictive covenants as it existed before that event.

"By both constitutional and legislative provision," the former law prohibited "contracts or agreements in general restraint of trade." *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181, 183 (1)

---

[1] The former OCGA § 13-8-2.1, also authorizing restrictive covenants "that restrain in a reasonable manner," was declared unconstitutional in *Jackson & Coker, Inc. v. Hart*, 261 Ga. 371 (405 SE2d 253) (1991).

(236 SE2d 265) (1977); see also Ga. Const. of 1983, Art. III, Sec. VI, Par. V (c). Restrictive covenants "[would] be upheld only if they [were] strictly limited in time and territorial effect, and [were] otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 537 (307 SE2d 914) (1983). "Whether [a] restraint imposed by [an] employment contract is reasonable is a question of law for determination by the court, which considers the nature and extent of the trade or business, the situation of the parties, and all the other circumstances." *Habif, Arogeti & Wynne, P.C. v. Baggett*, 231 Ga. App. 289, 292 (498 SE2d 346) (1998). Specifically, and "[a]lthough facts may be necessary to show that a questionable restriction, though not void on its face, is, in fact, reasonable, a covenant containing sufficiently indefinite restrictions cannot be saved by additional facts and is void on its face." (Punctuation omitted.) *Global Link Logistics v. Briles*, 296 Ga. App. 175, 177 (1) (674 SE2d 52) (2009), citing *Koger Properties v. Adams-Cates Co.*, 247 Ga. 68, 69 (2) (274 SE2d 329) (1981); see also *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636, 640-641 (2) (261 SE2d 572) (1979) (the enforceability of a restrictive covenant was "a legal question which could be determined by looking solely to the language of the restrictive covenant").

(a) We reject Altus's argument that the agreement could be blue-penciled as ancillary to the sale of Altus because Cox did not purchase the company. See *Osta v. Moran*, 208 Ga. App. 544, 545 (1) (430 SE2d 837) (1993) (affirming trial court's refusal to blue-pencil a restrictive covenant where a sale was not consummated). Rather, and as Altus's own chief executive officer testified, the covenants were undertaken as a "condition of his employment." As such, they are subject to strict scrutiny and will stand or fall based on the question of law whether all the restraints imposed were reasonable, appropriately limited, and enforceable. *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (422 SE2d 529) (1992).

(b) The nondisclosure provisions in the form and the agreement are unenforceable on their face because they are not limited in time. *Allen v. Hub Cap Heaven*, 225 Ga. App. 533, 539 (484 SE2d 259) (1997).

(c) The nonsolicitation provisions in the agreement are unenforceable on their face because (i) they contain no time limitation and (ii) they contain neither a limitation to those personnel with whom Cox had a business relationship during the term of the agreement nor a geographical limitation. *Johnstone v. Tom's Amusement Co.*, 228 Ga. App. 296 (491 SE2d 394) (1997) (nonsolicitation clause without time limitation was unenforceable); *Trujillo v. Great Southern Equip. Sales*, 289 Ga. App. 474, 476 (657 SE2d 581) (2008)

(nonsolicitation clause containing neither a personnel limitation nor a geographic limitation was unenforceable).

(d) The nonrecruitment provision is likewise invalid on its face because it bars Cox from even unsolicited contact with Altus employees or affiliates. Covenants that restrict employees' activities "more . . . than is necessary for the protection of the employer will not withstand the reasonableness test so as to uphold the covenant." (Punctuation omitted.) *American Gen. Life &c. Ins. Co. v. Fisher*, 208 Ga. App. 282, 284 (1) (430 SE2d 166) (1993) (covenant preventing employer from accepting unsolicited insurance applications was unreasonable and thus unenforceable).

(e) "Georgia law is clear" that if one covenant in an agreement subject to strict scrutiny is unenforceable, "then they are all unenforceable." *Advance Technology Consultants v. RoadTrac*, 250 Ga. App. 317, 320 (2) (551 SE2d 735) (2001). Moreover, Altus's CEO's testimony that he believed that Cox may have violated the covenants was inadequate to overcome Cox's unambiguous testimony that he did not do so. *Wolff v. Protege Systems*, 234 Ga. App. 251, 255 (2) (506 SE2d 429) (1998) (reversing issuance of injunction supported only by "mere allegations and conclusions unsupported by facts showing a violation, or at least a substantial threat of imminent violation," of a covenant), disapproved on other grounds, *Advance Technology Consultants*, 250 Ga. App. at 321 (2).

For all these reasons, the trial court erred when it issued the injunction restraining Cox.

3. A party applying for an injunction or restraining order "does so at its own peril because if it succeeds in obtaining a restraint that is later determined to have been wrongful, then the wrongfully restrained party may recover actual damages caused by that restraint from the applicant." *Hogan*, 242 Ga. App. at 794 (2). As we have held in Division 2, the covenant at issue here was illegal, leaving "no question that the restraint was wrongful." Id. at 795 (2). We therefore remand the case for a determination of the amount of actual damages, if any, suffered by Cox during the period of the injunction's enforcement. Id. (remanding for proceedings on actual damages suffered by wrongfully restrained party even when injunction had expired).

*Case remanded with direction. Ellington, C. J., and Doyle, J., concur.*

DECIDED JANUARY 24, 2011 —
RECONSIDERATION DENIED FEBRUARY 22, 2011 —

*Fisher & Phillips, Burton F. Dodd*, for appellants.

*Miller & Martin, Christopher E. Parker, Michael P. Kohler, Sonya R. Madison*, for appellee.