# Court of Appeals
# of the State of Georgia

ATLANTA, January 10, 2017

*The Court of Appeals hereby passes the following order:*

## A16A1617.  CRATON et al. v. BEAROFF et al.

On March 7, 2016, the Floyd County trial court granted plaintiff Janet Bearoff (and her associated entities) a preliminary injunction enforcing a 2009 non-compete agreement between Bearoff and defendant Charles Craton (and other persons and entities). The injunction enjoined Craton from operating the adult novelties business known as The Love Library on the ground that it violated the parties' 2009 agreement. The trial court's order noted that the injunction "shall remain in effect until September 10, 2016," the expiration date of the non-compete agreement, "or until further order of the court, whichever shall occur first." On March 11, 2016, however, the trial court stayed the injunction "until further order of this Court or such time as [Craton's] appeal . . . is decided by the appropriate appellate court, whichever first occurs." The trial court's stay also noted that "[a] hearing on a bond shall be scheduled for a later time." On the same day, Craton filed a notice of appeal from this judgment. Bearoff did not file a notice of cross-appeal. On March 17, the trial court ordered Craton to post an appeal bond in the amount of $92,000, which Craton apparently posted on April 1, 2016. Craton did not file a second notice of appeal concerning the appeal bond.

Craton's appeal was docketed in this Court on May 4, 2016. On May 10, appellee Bearoff filed an emergency motion asking this Court to expedite a decision before the expiration of the non-compete agreement on September 10. This Court denied the motion on the grounds that it did not meet the procedural or substantive requirements of Court of Appeals Rule 40 (b). On September 16, 2016, we asked both parties to file supplemental briefs on the question whether Craton's appeal was moot

in light of the expiration of the underlying injunction. The parties filed these supplemental briefs in September and October 2016.

It is settled that "[t]he duration of a covenant not to compete is not tolled during litigation" and that "when the duration of that covenant has expired, an action seeking injunctive relief pursuant to the covenant is moot." *Hogan Mgmt. Svcs. v. Martino*, 242 Ga. App. 791, 793 (1) (530 SE2d 508) (2000) (footnotes omitted). "To prevent [an appeal concerning an expired injunction] from becoming moot, the appealing party must obtain a supersedeas," but "the filing of a notice of appeal in injunction cases does not serve as a supersedeas." *Brown v. Spann*, 271 Ga. 495, 496 (520 SE2d 909) (1999) (citation and punctuation omitted). Although Craton argues that the grant of an appeal bond prevents mootness, that bond was ordered well after the filing of Craton's single notice of appeal, and Craton failed to appeal it. Accordingly, we cannot consider any error as to the bond itself. See *Jaycee Atlanta Dev. v. Providence Bank*, 330 Ga. App. 322, 331 (6) (765 SE2d 536) (2014) (refusing to consider error as to a supersedeas bond when a party failed to file a second notice of appeal). In the absence of any counterclaim by Craton for wrongful restraint, questions concerning the propriety of an award of damages or attorney fees must await the disposition of such an award in the trial court. Compare *Cox v. Altus Healthcare and Hospice*, 308 Ga. App. 28, 30 (1) (706 SE2d 660) (2011) (appeal concerning an expired injunction was not moot when a defendant's claim for wrongful restraint remained pending below).

For all these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED. *Brown*, 271 Ga. at 495 (dismissing appeal as moot).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 01/10/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*