## 61236. ADCOCK v. SPEIR INSURANCE AGENCY, INC.

BIRDSONG, Judge.

Speir Insurance Agency, Inc. ("Speir") entered into an employment contract with Danny Adcock in 1974 by which Adcock was hired as an agent for Speir. In that contract there appeared a non-competition clause which provided: "In event the solicitor [Adcock] shall leave the employment of the company [Speir], or if his employment is terminated by the company for any reason or cause whatsoever, he shall and will not for a period of two years (2) from the date of his leaving the employment engage directly or indirectly, either as principal, officer, employees, or otherwise, in the business of insurance solicitor within a radius of thirteen (13) miles from the City of Forest Park, Ga. The solicitor shall not for a period of four (4) years from the date of termination of employment solicit the customers (policyholders) of the company either directly or indirectly. The purpose of this paragraph is to insure that the solicitor for the periods set out herein will not in any manner directly or indirectly enter into competition with the company."

In October, 1978, Adcock left the employment of Speir and established his own insurance agency in East Point, a distance slightly in excess of the 13 mile radius from Forest Part. Adcock brought a declaratory judgment action seeking to have the employment contract voided as being in restraint of trade in that its provisions were inhibitive of his right to be gainfully employed, and was vague and unenforceable. The trial court concluded that the

contract was not vague and that the non-competitive clause was enforceable. Adcock brings this appeal enumerating as error the judgment of the court holding the contract enforceable. *Held:*

"By both constitutional and legislative provision, Georgia prohibits contracts or agreements in general restraint of trade: Const. 1976, Art. III, Sec. VIII, Par. VIII (Code Ann. § 2-1409); Code Ann. § 20-504. Georgia courts have consistently held that the prohibition does not impose an absolute bar against every kind of restrictive agreement. A covenant not to compete ancillary to an employment contract is enforceable only where it is strictly limited in time and territorial effect and is otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. *Edwards v. Howe Richardson Scale Co.,* 237 Ga. 818, 820 (229 SE2d 651) (1976); *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284 (227 SE2d 251) (1976).

"Insofar as territorial restrictions are concerned, some of them relate to the territory in which the employee was employed; others relate to the territory in which the employer does business. The former generally will be enforced. *Edwards v. Howe Richardson Scale Co.,* supra; *Dixie Bearings Inc. v. Walker,* 219 Ga. 353, 356 (133 SE2d 338) (1963). The latter generally are unenforceable absent a showing by the employer of the legitimate business interests sought to be protected. *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160 (160 SE2d 356) (1968); *Ellison v. Labor Pool of America, Inc.,* 228 Ga. 147 (184 SE2d 572) (1971); *Durham v. Stand-By Labor,* 230 Ga. 558 (1) (198 SE2d 145) (1973). It appears that the justification for this difference in treatment is that a court will accept as prima facie valid a covenant related to the territory where the employee was employed as a legitimate protection of the employer's investment in customer relations and good will. Thus a court will enforce an agreement prohibiting an employee from pirating his former employer's customers served by the employee, during the employment, at the employer's direct or indirect expense. Conversely, a court will not accept as prima facie valid a covenant related to the territory where the employer does business where the only justification is that the employer wants to avoid competition by the employee in that area." *Howard Schultz &c. Inc. v. Broniec,* 239 Ga. 181, 183 (1) (236 SE2d 265).

We fully agree with the trial court both in its conclusion that the 13 mile territorial limitation is not unreasonable, and in its determination that the restraint imposed upon Adcock not to engage as an insurance solicitor within that same limit was reasonable. *Johnson v. Lee,* 243 Ga. 864, 865 (257 SE2d 273); *Edwards v. Howe Richardson Scale Co.,* supra, p. 820.

However, we are troubled by the remaining restraints imposed by the contract. One portion provides very generally "[t]he solicitor [Adcock] shall not for a period of four (4) years from the date of termination of employment solicit the customers (policyholders) of the company either directly or indirectly. The purpose of this paragraph is to insure that the solicitor for the periods set out herein will not in any manner directly or indirectly enter into competition with the company."

Speir attempts to insert as a part of this restriction the 13 mile limit provided in the preceding sentence that limits Adcock from engaging in the business of soliciting insurance in any manner. As indicated, we believe that 13 mile limitation to be appropriate. But the language of the next prohibition does not contain any such limited geographical area. By adding the 13 mile limitation, Speir seeks in effect to apply, in reverse, a form of the "Blue Line" theory of severability. Apparently Speir recognizes that a prohibition for a period of four years from soliciting customers under any circumstances either personally or indirectly wherever Speir's customers may be, is unconstitutionally broad. This is especially true since Speir has offices in a multiple-state area. By such a provision, Adcock is effectively prohibited from engaging in the insurance business anywhere within the area wherein Speir conducts its business. This is manifest in the last part of the anti-competition clause wherein the purpose is stated to be that the solicitor will not in any manner directly or indirectly enter into competition with the company. The Blue Line theory of severability has been considered and expressly rejected by this state ( *Rita Personnel Services International v. Kot,* 229 Ga. 314, 317 (191 SE2d 79)); therefore, we will not add to or delete from the contract to eliminate questionable constitutional provisions of the covenant. Moreover, we are not at liberty to revise the contract between the parties while professing to construe it. *Smith v. Standard Oil Co.,* 227 Ga. 268 (1) (180 SE2d 691); *Stuckey v. Kahn,* 140 Ga. App. 602, 606 (231 SE2d 565).

If any of the several limitations on competition contained within the restrictive covenants are invalid, the entire covenant must fall. *Uni-Worth Enterprises v. Wilson,* 244 Ga. 636, 640 (261 SE2d 572). As we read the limitation of solicitation of customers, the covenant does not limit "customers" to those who have been previously solicited by Adcock or to those within the 13 mile limit. It conclusively prohibits Adcock personally from soliciting insurance or even supervising other solicitors who might in a spirit of competition seek to solicit customers of Speir wherever situated, whether or not Adcock furnished the identity or other information to the solicitor. In short, we find this portion of the restrictive covenant to fall within the

proscription that a covenant that prohibits an ex-employee from soliciting insurance within any area where the company does business solely to avoid competition by the ex-employee in that same area, and not otherwise limited in area or vocational opportunities, violates the constitutional provision against restraint of trade. *Howard Schultz &c. Inc. v. Broniec,* supra. Accordingly, we conclude that the trial court erred in rendering a judgment that finds the covenant as written to be reasonable and enforceable.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 20, 1981.

*George L. Barron,* for appellant.
*Larry A. Foster,* for appellee.