43702. NUNN v. ORKIN EXTERMINATING COMPANY, INC.
(350 SE2d 425)

MARSHALL, Chief Justice.

Orkin Exterminating Co., Inc. (Orkin) sued Nunn for injunctive relief and damages, on the ground that Nunn has breached restrictive covenants in employment agreements (the last of which is dated March 22, 1985) between Orkin and Nunn. Nunn voluntarily resigned after having been employed by Orkin as a "Pest Control Route Technician" in the Athens, Georgia, area for approximately 23 years. Nunn is now employed by American Pest Control, and he is performing virtually the same services within the same service area as with Orkin. The trial court ruled that the restrictive covenants in question are reasonable and not unduly broad, and granted Orkin's petition for an interlocutory injunction. Nunn appeals. We affirm.

1. Paragraph 5 of the agreement provides in part as follows: "The

Employee hereby expressly covenants and agrees that he/she will not, during the term of his/her employment and for a period of two (2) years *immediately following termination of his/her employment by the Company within the territory stated in Paragraph 5 (c) below,* for any reason whatsoever, directly or indirectly, for himself/herself or on behalf of, or in conjunction with, any other person, persons, company, partnership or corporation: (a) Call upon *any customer or customers of the Company* for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of, without limitation, rats, mice, roaches, bugs, vermin, termites, beetles or other insects, rodents and birds, *within the territory stated in Paragraph 5 (c)* . . . (c) Engage in the pest control, exterminating, fumigating or termite control business in any capacity identical with or corresponding to the capacity or capacities in which employed by the Company, anywhere within the following jurisdictions or territories: The cities of Athens, Winder, Commerce . . . all in the State of Georgia and a radius of ten miles of and from the official geographical boundaries of each aforementioned city and town . . . or within any jurisdiction or territory in which the Employee worked for the Company at any time during the six (6) calendar months preceding termination of employment, and identified in an employment agreement with the Company in effect during such six (6) month period." (Emphases supplied.)

(a) The appellant argues that subparagraph 5 (a) is invalid and unreasonable in prohibiting the employee from calling upon *any* customer of the company, including customers with whom the appellant had no contact while an employee of Orkin, citing *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 539 (2b) (307 SE2d 914) (1983); *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636, 639 (1) (261 SE2d 572) (1979); *Adcock v. Speir Ins. Agency*, 158 Ga. App. 317, 319 (279 SE2d 759) (1981). However, the parties' employment contract was redrafted in 1985 to address the defects identified in the *Walker* case, supra. Subparagraph 5 (a) is valid, particularly as to the facts of this case, in that it only prohibits the employee from calling upon any customer "within the territory stated in Paragraph 5 (c)," which was the appellant's territory.

(b) The appellant further argues that the provisions as to territorial limitations set out in Paragraph 5 (c) are subject to the same defects as were found to exist in the *Walker* case, supra, p. 538 (2a). However, the redrafted agreement, here involved, meets the concerns of the court by limiting the territory to that in which the employee worked during his last six months of employment and by providing that the period of restriction begins immediately upon the date of termination of employment within the restricted territory.

2. Paragraph 7 (a) of the agreement provides: "The Employee

distinctly understands and agrees that the nature of the Company's business, customer lists of the Company, information with respect to the personnel, the methods and systems used by the Company in conducting its business, pricing policies, *training and education received by the Employee*, technical bulletins of the Company, manuals, profit and loss information and other related internal business information are all of a confidential nature and are valuable assets of the Company. Employee agrees, upon termination of employment, to return to the Company all such confidential information and documents referred to in the preceding sentence and will not make copies of such materials, *will not furnish such information or materials to anyone other than those within the Company* authorized to receive information, and *will not use such material and information* against the best interest of the Company." (Emphases supplied.)

The appellant argues that this attempt by the employer to protect confidential information relating to its business is a restraint so broad as to be unreasonable, because it is not properly limited as to time, territory or activity. For this reason, he urges that the items sought to be protected fall within the category of the employee's aptitude, skill, dexterity, manual and mental ability, and such other subjective knowledge as he would have obtained while in the course of the employment, and therefore not the property or under the control of the employer, citing *Thomas v. Best Mfg. Corp.*, 234 Ga. 787 (1) (218 SE2d 68) (1975); *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181, 188 (4) (236 SE2d 265) (1977).

Although this paragraph was not in issue in the trial court, it is clear that the items listed are confidential business information which are protectable as such, and that this provision does not prohibit the appellant's using the skills and dexterity which he has acquired at Orkin with any new employer, provided that he does not violate the provisions of the contract as to time (two years after termination of employment), territory (as set out in Par. 5 (c)), and activity (Pest Control Route Technician).

The contract was not invalid or unreasonable for any reason urged.

*Judgment affirmed. All the Justices concur, except Smith and Bell, JJ., who dissent.*

BELL, Justice, dissenting.

I respectfully dissent from Division (1) (a) and the judgment, because they are squarely in conflict with the opinion of this court in *Orkin Exterminating Co. v. Walker*, 251 Ga. 536 (2b) (307 SE2d 914) (1983). In Division 2 (b) of *Walker*, we concluded that there were two reasons that the covenant in that case overprotected *Orkin's* legitimate interest in its customer relationships. The first was that the cov-

enant prohibited former employees from merely accepting overtures from Orkin customers. Id. at 538-539. The second reason was that the covenant prohibited the former employees from working for *any* Orkin customers in a certain area, including customers with whom they had had no contact while employees of Orkin. Id. at 539. We held that "[b]ecause the appellees hold no unfair competitive advantage respecting the customers for whom they did not work, this provision 'unfairly restricts ordinary competition and provides (Orkin) with greater protection than it needs.' [Cit.]" Id.

As the majority opinion in the instant case indicates, Orkin has indeed redrafted its employment contracts in an attempt to address the defects identified in the *Walker* case. This effort is commendable. Orkin has, in fact, successfully addressed the first prong of Division 2 (b) of *Walker*, in that former employees are prohibited from calling upon customers for the purpose of soliciting or selling, but are not prevented from merely accepting overtures from those customers. However, the contract as redrafted wholly fails to address the second prong of *Walker*, since former employees are still prohibited from contacting *any* customers of Orkin within the stated territory, regardless of whether the former employees ever developed any relationships with those customers while working for Orkin. In this respect the covenant is plainly invalid.

I am authorized to state that Justice Smith joins in this dissent.

DECIDED NOVEMBER 26, 1986 —
RECONSIDERATION DENIED DECEMBER 18, 1986.

*Orr & Kopecky, Melvin P. Kopecky, McGahee, Benning, Fletcher, Dunaway & Harley, Leonard O. Fletcher, Jr., C. Thompson Harley,* for appellant.

*Decker, Cooper & Hallman, Richard P. Decker, Jay Michael Barber,* for appellee.