A94A1459. SUNSTATES REFRIGERATED SERVICES, INC.
v. GRIFFIN et al.
(449 SE2d 858)

RUFFIN, Judge.
The appellant filed a complaint for damages and a permanent injunction against Griffin, its former chief executive officer, and Griffin's business associates (appellees herein) alleging, inter alia, breach of an employment agreement between the appellant and Griffin. The appellees filed a counterclaim seeking a declaratory judgment concerning the validity of the noncompetition provisions of the employment contract.

Griffin's employment contract included a series of four specific non-competition covenants providing that for two (2) years after the contract's termination, he would neither directly nor indirectly: (1) disclose, use or exploit confidential information learned by reason of his employment by the appellant for the benefit of anyone other than the appellant; (2) solicit or divert certain of the appellant's customers; (3) employ, attempt to employ or assist anyone else in employing as a manager, executive or salesperson in any competing business any of the appellant's managerial, executive or sales personnel; or (4) engage in any competing business in the capacity of officer, managerial or executive employee, director, consultant or shareholder. Griffin also covenanted to return to the appellant all documents containing confidential business information upon the contract's termination.

The trial court found that an overbroad, "springing territorial restriction" in the contract's covenant against solicitation of customers and the lack of any territorial restriction in the non-competition

clause rendered these covenants void. The court refused to "blue-pencil" the agreement and declared all five restrictive covenants unenforceable. This appeal followed.

1. First, we address the appellees' motion to dismiss the appeal for lack of jurisdiction pursuant to OCGA § 5-6-34 (a) because the trial court's order is neither a final judgment disposing of all claims nor an express refusal of the appellant's request for injunctive relief.

The motion to dismiss the appeal is denied. Declaratory judgments "have the force and effect of [final judgments] and [are] reviewable as such." OCGA § 9-4-2 (a); *Spivey v. Safeway Ins. Co.*, 210 Ga. App. 775 (1) (437 SE2d 641) (1993).

2. The appellant maintains the trial court erred when it refused to "blue-pencil" the non-competition provisions of the employment agreement and declared all of the covenants unenforceable for lack of sufficient geographical restrictions in two provisions.

The "Restrictive Covenants" section of Griffin's employment contract includes four distinct "Noncompetition" covenants and a "Return of Documents" provision. A "Definitions" paragraph explains key terms within the section. The parties agreed upon the severability of the document's covenants and provisions.

The trial court incorrectly concluded that all five covenants, including the agreement to return confidential documents, must be declared unenforceable if one of the restrictive covenants is void. Instead, the specific "noncompetition" prohibitions concerning employment and customer solicitation must be analyzed separately from those concerning disclosure of confidential business information and employee piracy. *Wiley v. Royal Cup*, 258 Ga. 357, 359-360 (2) (370 SE2d 744) (1988); *Lane Co. v. Taylor*, 174 Ga. App. 356 (2) (330 SE2d 112) (1985).

The appellant challenges the trial court's finding that the covenant not to engage in a competing business is not limited as to territory and thus is unenforceable. The reasonableness of an employment contract's covenant not to compete is determined by "analyzing it in terms of time, territorial effect, and the business interest of the employer sought to be protected. [Cit.]" *Watson v. Waffle House*, 253 Ga. 671, 672 (2) (324 SE2d 175) (1985). This test of "duration, territorial coverage, and scope of activity" is not "an arbitrary rule," but a "helpful tool in examining the reasonableness of the particular factual setting to which it is applied." Id. at 673.

Griffin agreed, for two years after leaving the appellant's employ, not to "engage in or render any services to or be employed by any Competing Business in the capacity of officer, managerial or executive employee, director, consultant or shareholder." The contract defines "Competing Business" to mean merely "the business . . . of providing, as a principal line of business, cold storage warehouse services to

the peanut industry and frozen storage warehouse services to local food processors." We must reject the appellant's argument that the definition of competing business sufficiently restricts Griffin's post-employment activities as to territory. The trial court correctly found that the lack of a territorial restriction invalidates this covenant. Since Georgia does not "blue-pencil" covenants restricting competition contained in employment contracts, the non-competition provision concerning solicitation of the appellant's customers must also fail. *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636, 640 (1) (261 SE2d 572) (1979); *Adcock v. Speir Ins. Agency*, 158 Ga. App. 317 (279 SE2d 759) (1981).

However, Georgia's rejection of the "blue-pencil theory of severability" does not require invalidation of the provisions concerning return of documents, disclosure of confidential business information and interference with employees' contractual relations. *Wiley v. Royal Cup*, 258 Ga. at 360; *Lane Co. v. Taylor,* supra.

"Unlike general noncompetition provisions, . . . specific nondisclosure clauses bear no relation to territorial limitations and their reasonableness turns on factors of time and the nature of the business interests sought to be protected. [Cit.]" *Durham v. Stand-By Labor of Ga.*, 230 Ga. 558, 563 (1) (198 SE2d 145) (1973). Two important factors are "(1) whether the employer is attempting to protect confidential information relating to the business, such as trade secrets, methods of operation, names of customers, personnel data, and so on — even though the information does not rise to the stature of a trade secret; and (2) whether the restraint is reasonably related to the protection of the information. [Cits.]" Id. at 564.

Griffin agreed not to use, disclose or exploit, for two years after leaving the appellant's employ, confidential business information. The contract defines such information as "data and information relating to the business of the Company (whether constituting a trade secret or not) which is or has been disclosed to Employee or of which Employee became aware as a consequence of or through his relationship to the Company and which has value to the Company and is not generally known to its competitors. Confidential information shall not include any data or information that has been voluntarily disclosed to the public by the Company (except where such public disclosure has been made by Employee without authorization) or that has been independently developed and disclosed by others, or that otherwise enters the public domain through lawful means."

Since it is reasonable as to both subject matter and duration, the restriction is enforceable. Similarly, the contract's provision for the return of documents containing confidential information is enforceable.

In *U3S Corp. of America v. Parker*, 202 Ga. App. 374, 376 (2a)

(414 SE2d 513) (1991), this court upheld a covenant not to " 'solicit or in any manner encourage employees of [the former employer] to leave [its] employ . . .' " for a period of two years after termination of employment. Here, the covenant against interference with the employment relations of the appellant is reasonably limited in time and is not so vague or ambiguous as to be unenforceable. Therefore, the trial court's grant of declaratory relief to the appellees on this issue was erroneous.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 23, 1994 —
RECONSIDERATION DENIED OCTOBER 27, 1994.

*Parker, Johnson, Cook & Dunlevie, G. William Long III, Everett W. Gee III*, for appellant.
*Kilpatrick & Cody, H. Quigg Fletcher III, Kent E. Mast, Langley & Lee, C. Richard Langley*, for appellees.