A01A2114. MATHIS v. ORKIN EXTERMINATING COMPANY, INC.
(562 SE2d 213)

MILLER, Judge.

David Mathis appeals from the trial court's injunction preventing Mathis from operating his pest control business in alleged violation of restrictive covenants that he signed when he was an Orkin Exterminating Company, Inc. employee. On appeal he contends that the trial court erred by (1) finding the nonsolicit and noncompete clauses in the employment agreement enforceable, (2) finding the anti-piracy clause in the employment agreement enforceable, and (3) failing to find that the employment agreement was a contract of adhesion. We discern no error and affirm.

The evidence reveals that Mathis worked as a Branch Account Manager for Orkin. His responsibilities consisted mostly of soliciting commercial accounts. Mathis's employment agreement with Orkin contained the following restrictive covenants and anti-piracy clause in paragraph 5:

> The Employee hereby expressly covenants and agrees that he/she will not, during the term of his/her employment and for a period of two (2) years immediately following termination of his/her employment by the Company within the territory stated in Paragraph 5 (c) below, for any reason whatsoever, directly or indirectly, for himself/herself or on behalf of, or in conjunction with, any other person, persons, company, partnership or corporation: (a) Call upon any cus-

---

tomer or customers of the Company for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of, without limitation, rats, mice, roaches, bugs, vermin, termites, beetles or other insects, rodents and birds, within the territory stated in Paragraph 5 (c). (b) Directly or indirectly, alone or in any capacity, solicit or in any manner attempt to solicit or induce any person or persons employed by the Company or any parent, subsidiary or affiliated corporation to leave such employment for purposes of engaging in such prohibited activities. (c) Engage in the pest control, exterminating, fumigating or termite control business in any capacity identical with or corresponding to the capacity or capacities in which employed by the Company, anywhere within the following jurisdictions or territories: THE COUNTIES OF BANKS, JACKSON, MADISON, ELBERT, CLARKE, BARROW, OCONEE, OGLETHORPE, GREENE, WILKES, LINCOLN, BARROW [sic], AND TALIAFERRO ALL IN THE STATE OF GEORGIA[ ] or within any jurisdiction or territory in which the Employee worked for the Company at any time during the six (6) calendar months preceding termination of employment, and identified in an employment agreement with the Company in effect during such six (6) month period.

While employed with Orkin, Mathis solicited business for Orkin from all of the counties listed in paragraph 5 (c).

Within two years after Mathis was terminated from Orkin, he started his own pest control business with a former colleague from Orkin and sold pest control services to former Orkin clients in the restricted territories outlined in paragraph 5 (c). Orkin sued Mathis, alleging breach of the employment agreement and seeking injunctive relief. After an evidentiary hearing, the court found the restrictive covenants and anti-piracy clause to be enforceable and granted an injunction to Orkin.

1. Mathis contends that the trial court erred by finding the nonsolicit and noncompete clauses in the employment agreement to be enforceable. However, the Supreme Court of Georgia has already determined that strictly construed restrictive covenants in employment contracts with precisely the same language as paragraphs 5 (a) and (c) of the contract at issue in this case are valid and enforceable. *Nunn v. Orkin Exterminating Co.*, 256 Ga. 558-559 (1) (a), (b) (350 SE2d 425) (1986). Accordingly, we hold that the provisions at issue here are similarly enforceable.

Mathis attempts to distinguish *Nunn* by arguing that the nonso-

licitation clause here is unreasonable when applied to the facts of this case. Mathis argues that he worked only with commercial clients while at Orkin and that the clause would unreasonably prohibit him from soliciting both commercial *and* residential clients in his current business. We need not address the merits of this argument because the record belies the underlying premise. Mathis testified that he "mostly" worked with commercial clients while at Orkin, not that he worked exclusively with such clients. Since there is some evidence to support the conclusion that Mathis worked with both commercial and residential clients while at Orkin, we will not find error in the trial court's issuing of an injunction where the trial court could have come to this same conclusion based on the evidence before it. See, e.g., *Chambers v. Peach County*, 268 Ga. 672, 673 (1) (492 SE2d 191) (1997) (trial court has broad discretion to grant or deny interlocutory injunction, which will not be disturbed on appeal absent manifest abuse or unless there was no evidence on which to base the ruling).

2. Mathis further argues that the anti-piracy clause in the employment agreement is unenforceable. We disagree.

We analyze anti-piracy clauses in employment agreements separately from nonsolicit clauses and noncompete clauses dealing with clients of the former employer. See *Sunstates Refrigerated Svcs. v. Griffin*, 215 Ga. App. 61, 62 (2) (449 SE2d 858) (1994). Since the clause at issue here is both reasonable in duration and is not vague or ambiguous in any way that would make it unenforceable (see id. at 64 (2)), we hold that the trial court did not err by finding the clause to be enforceable.

3. Mathis urges that the trial court erred by failing to find the employment agreement to be a contract of adhesion. However, contracts of adhesion are enforceable in Georgia, even though they are strictly construed against the drafter. *Walton Elec. Membership Corp. v. Snyder*, 226 Ga. App. 673, 678, n. 6 (487 SE2d 613) (1997). In light of our holdings in Divisions 1 and 2, in which we have already subjected the restrictive covenants and the anti-piracy clause in the employment contract to strict scrutiny (see, e.g., *Northside Hosp. v. McCord*, 245 Ga. App. 245, 247 (1) (537 SE2d 697) (2000) (restrictive covenants ancillary to employment contracts are subject to strict scrutiny)), we find no error here.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MARCH 6, 2002 —
RECONSIDERATION DENIED MARCH 20, 2002.

*Silver & Archibald, Arthur S. Archibald*, for appellant.

*Blasingame, Burch, Garrard, Bryant & Ashley, Andrew J. Hill III, Christopher G. Conley*, for appellee.