**WHOLE COURT**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.** **http://www.gaappeals.us/rules/**

**October 6, 2014**

# In the Court of Appeals of Georgia

A14A0803. VULCAN STEEL STRUCTURES, INC. et al. v. McCARTY et al.

MCFADDEN, Judge.

Vulcan Steel Structures, Inc. and affiliated companies ("Vulcan") appeal the order declaring the restrictive covenants in an agreement with former employee Gary John McCarty to be unenforceable. We hold that the nonsolicitation of customers covenant in the agreement is unenforceable because it prohibits McCarty from accepting business from unsolicited clients. And the 2008 agreement is not subject to blue-penciling, since it was entered into before the effective date of the act revising the law related to restrictive covenants in contracts. *Holton v. Physician Oncology Svcs.*, 292 Ga. 864, 870 (3) n. 4 (742 SE2d 702) (2013). Accordingly, because the

nonsolicitation of customers covenant is unenforceable, none of the covenants in the agreement are enforceable. We therefore affirm.

The facts relevant to the appeal are not in dispute. McCarty was employed by Vulcan from 1996 until May 9, 2013. On October 13, 2008, McCarty signed an agreement that contained confidentiality, noncompete, and nonsolicitation covenants. The nonsolicitation of customers covenant in the agreement provided:

> I agree that while employed and for two (2) years following termination of my employment, I shall not, on my own behalf or on behalf of any person or entity solicit, contact, call upon, communicate with or attempt to communicate with any customer of my employer or any representative of any customer or prospect of my employer, with the intent of providing any product competitive with engineered steel building products marketed or manufactured by my employer during the period of two (2) years immediately preceding termination of my employment. Provided that the restriction set forth in this paragraph shall only apply to customers or prospects of my employer, and representatives of customers and prospects of my employer, with whom I had material contact during such two year period. "Material contact" exists between me and each customer or potential customer of my employer if interaction took place between us in an effort to further a business relationship with or for my employer.

When McCarty left Vulcan and was hired by Hornet Steel Buildings, Inc., his current employer, Vulcan filed this lawsuit against McCarty, Hornet, and two other Hornet employees. It alleged, among other things, that McCarty had breached the noncompete and nonsolicitation covenants in the agreement. The defendants sought a declaration that the agreement was unenforceable as well as the dismissal of all claims that depended on the enforceability of the agreement. The trial court granted that relief, and Vulcan filed this appeal.

"[T]he reasonableness of a restrictive covenant is a question of law, which is subject to de novo review. Moreover, [under the former law] restrictive covenants that are ancillary to employment contracts receive strict scrutiny and are not blue-penciled." *Murphree v. Yancey Brothers Co.*, 311 Ga. App. 744, 747 (716 SE2d 824) (2011) (citations and punctuation omitted).

1. *The nonsolicitation of customers covenant*.

Vulcan argues that the trial court erred in ruling that the nonsolicitation of customers covenant is unenforceable. We disagree. Generally, a nonsolicitation covenant may not validly preclude the employee from accepting unsolicited business from customers of his former employer. "[An employer] may properly protect itself from the risk that former employees might appropriate its customers by taking unfair

advantage of client contacts developed while working for [that employer], but the company cannot prevent them from merely accepting overtures from those customers." *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 539 (2) (b) (307 SE2d 914) (1983) (covenant that prohibited former employee from "servicing . . . any customer or customers for the purpose of selling" services within territory impermissibly had the effect of preventing him from "merely accepting overtures from those customers," id. at 537). The law is clear: "solicitation requires some type of affirmative action; therefore, a nonsolicitation provision may not contain a bar on the acceptance of business from unsolicited clients." *Waldeck v. Curtis 1000*, 261 Ga. App. 590, 593 (583 SE2d 266) (2003) (citations omitted).

The specific language at issue here prevents McCarty from "communicat[ing] with . . . any [Vulcan] customer . . . or any representative of any customer or prospect of [Vulcan], with the intent of providing any product competitive with engineered steel building products marketed or manufactured by [Vulcan] during the period of two (2) years immediately preceding termination of [his] employment." The plain language of the covenant bars McCarty from communicating with Vulcan customers, whether or not he initiated that communication, for the purpose of providing any product competitive with Vulcan's. Because this covenant "prohibits not only

4

solicitation of [Vulcan's] former clients, but also the acceptance of business from unsolicited former clients, regardless of who initiated the contact," it is unreasonable. *Waldeck*, 261 Ga. App. at 590-592 (covenant prohibiting former employee from "actually effect[ing] the sale to any Customer Account of, or accept[ing] any offer from any Customer Account for, any product that is one of the [former employer's] [p]roducts or that is substantially similar to or competitive with any of the [former employer's] [p]roducts" was unreasonable). See also *Orkin Exterminating Co. v. Walker*, 251 Ga. at 537-539 (2) (b) (covenant that prohibited former employee from "servicing . . . any customer or customers [of former employer] for the purpose of selling" services impermissibly had the effect of preventing him from "merely accepting overtures from those customers") (citation omitted); *Paragon Technologies v. InfoSmart Technologies*, 312 Ga. App. 465, 467 (718 SE2d 357) (2011) (covenant that prohibited appellee from accepting unsolicited work from appellant's former clients unenforceable). Cf. *Murphree*, 311 Ga. App. at 744-745 & 749 (1) (upholding covenant stating that former employee could not "for the purpose of competing with the [former employer], in any way, directly or indirectly, solicit, divert, or take away, or attempt to solicit, divert or take away" certain of former employer's customers because the covenant "prohibited [former employee] from initiating affirmative action

5

to compete with [former employer] by contacting former customers, but the clause would not have precluded him from accepting unsolicited business from the forbidden clients") (citations and punctuation omitted).

Vulcan argues that the trial court erred in ruling the nonsolicitation of customers covenant to be unenforceable because the crucial language in the covenant at issue here is almost identical to the language in the nonsolicitation covenant the Supreme Court upheld in *W. R. Grace &c. v. Mouyal*, 262 Ga. 464 (422 SE2d 529) (1992). But the issue in *W. R. Grace* was not whether the covenant was void for prohibiting unsolicited contact, but whether it was void because of "the absence of an explicit geographical limitation." Id. at 465 (footnote omitted). The court did not address the issue present here.

To hold as Vulcan proposes would be to conclude that *Orkin Exterminating Co. v. Walker,* 251 Ga. 536, was overruled sub silentio when the Supreme Court decided *W. R. Grace*. See *VATACS Group v. HomeSide Lending*, 276 Ga. App. 386, 393 (3) (623 SE2d 534) (2005). Nothing leads to the conclusion that *W. R. Grace* purported to overrule the substantive law set forth only nine years earlier in *Orkin Exterminating Co. v. Walker* that restrictive covenants cannot prevent an employee from accepting unsolicited business from his former employer's customers, and we

6

decline to read such into *W. R. Grace*. Indeed, the Supreme Court itself has noted the problem with applying *W. R. Grace* beyond its holding regarding the "'absence of an express geographic description of the territorial restriction contained in the no-solicitation clause of the employment contract.'" See *Palmer & Cay of Georgia v. Lockton Cos.*, 280 Ga. 479, 481 (2) (629 SE2d 800) (2006) (quoting *W. R. Grace*).

As Vulcan observes, we relied on *W. R. Grace* in *Covington v. D. L. Pimper Group*, 248 Ga. App. 265 (546 SE2d 37) (2001), to uphold a nonsolicitation covenant that prohibited a former employee from "communicating with" any client or prospective client of his former employer, the same language at issue here. We observed that the Supreme Court in *W. R. Grace* had upheld a covenant with almost verbatim language, and concluded that "[a]s the Supreme Court found in *W. R. Grace*, . . . the covenant at issue [was] reasonable in terms of duration, territorial coverage and scope of activity sought to be precluded." Id. at 269 (2). But as discussed above, the analysis in *W. R. Grace* focused on the absence of a geographical limitation in the covenant, not the scope of prohibited activity, an issue that was not addressed at all. Further, *Covington v. D. L. Pimper* did not acknowledge the law that a nonsolicitation provision may not contain a bar on the acceptance of business from unsolicited clients. And *Covington v. D. L. Pimper* predated *Palmer & Cay*, 280 Ga. 479, where

7

the Supreme Court noted the limitations in applying *W. R. Grace.* For these reasons, we conclude that to the extent *Covington v. D. L. Pimper* held that a nonsolicitation provision validly may bar the acceptance of business from unsolicited clients, it was wrongly decided. It is therefore overruled.

2. *Because the nonsolicitation covenant is unenforceable, the entire agreement is unenforceable.*

"[Former] Georgia law is clear that if one covenant in an agreement subject to strict scrutiny is unenforceable, then they are all unenforceable." *Cox v. Altus Healthcare & Hospice*, 308 Ga. App. 28, 32 (2) (e) (706 SE2d 660) (2011) (citation and punctuation omitted). Consequently, because the nonsolicitation of customers covenant is unenforceable, the trial court correctly concluded that none of the covenants are enforceable.

*Judgment affirmed. All Judges concur.*