**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 4, 2017**

# In the Court of Appeals of Georgia

A17A1168. CMGRP, INC. v. GALLANT, et al.

DILLARD, Chief Judge.

CMGRP, Inc. appeals the trial court's declaratory judgment, which invalidated certain restrictive covenants in its employment agreement with Maggie Gallant, one of its former employees. On appeal, CMGRP argues that the trial court erred to the extent it found that the non-recruitment provision in the agreement is invalid because (1) it does not contain a geographic limitation; (2) it is not limited to the recruitment of CMGRP employees with whom Gallant had an established relationship; or (3) the admittedly void customer non-solicitation provision renders all other restrictive covenants in the agreement unenforceable. For the reasons set forth *infra*, we affirm, in part, and reverse, in part.

The underlying facts necessary to decide this appeal are undisputed.[1] On October 1, 2008, Gallant became an employee of Rogers & Cowan (R&C), which is a "unit" of CMGRP. As a requirement of her employment, Gallant signed an employment agreement, which was executed by Gallant and R&C on October 7, 2008. The agreement contained certain restrictive covenants, detailed *infra*, that precluded Gallant from recruiting R&C employees and soliciting its clients or prospective clients for one year after her term of employment ended. After several years with the company, Gallant resigned from her position at R&C, effective December 4, 2015. Subsequently, Gallant accepted an offer of employment with the Agency for the Performing Arts, Inc. (the "APA").

On January 11, 2016, an attorney for R&C sent Gallant a cease-and-desist letter, highlighting the restrictive covenants contained in the agreement that

---

[1] As discussed more fully *infra*, "[w]hether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court . . . ." *Coleman v. Retina Consultants, P.C.*, 286 Ga. 317, 319-20 (1) (687 SE2d 457) (2009) (punctuation omitted). And when only a question of law is at issue, as here, we "owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." *Kemp v. Kemp*, 337 Ga. App. 627, 632 (788 SE2d 517) (2016) (punctuation omitted). Here, the trial court issued a summary order making no factual findings, presumably because no testimony or other evidence was presented below and the terms of the employment contract are undisputed. Thus, the background facts as stated in this opinion are merely to provide context for the underlying contract dispute and are gleaned from the parties' pleadings.

2

"survive[d] the termination of [her] employment with R&C." The attorney noted, *inter alia*, that, under the agreement, Gallant was prohibited from soliciting clients or prospective clients of R&C and from recruiting or hiring any employee of R&C for a period of one year following her resignation. According to the letter, R&C had learned that Gallant "appear[ed] to have been actively involved in recruiting other R&C employees to join [her] at [the] APA and may have engaged in improper solicitation of R&C clients or prospective clients." Specifically, the attorney explained that five R&C employees with whom Gallant worked closely tendered their resignations shortly after Gallant announced her own, and R&C believed that some or all of those employees had since become employed at the APA or planned to do so shortly. Additionally, R&C's attorney contended that a review of company emails strongly suggested that, around the time of her resignation, Gallant was in active contact with R&C clients in attempt to solicit them to do business with the APA or to cease doing business with R&C. Given this alleged conduct, R&C demanded that Gallant cease and desist engaging in any additional conduct that violated the restrictive covenants in the agreement.

On January 25, 2016, Gallant and the APA filed a petition for a declaratory judgment against CMGRP (d/b/a R&C) in the Superior Court of Fulton County,

3

seeking a declaration as to the legal effect of certain restrictive covenants in Gallant's

employment agreement.[2] But instead of filing an answer, CMGRP filed a notice,

removing the case to the United States District Court for the Northern District of

Georgia based on diversity jurisdiction. Gallant and the APA then filed a motion in

federal court to remand the case to the Fulton County Superior Court because,

although diversity of citizenship existed among the parties, CMGRP failed to

establish that the relief sought by Gallant and the APA exceeded the jurisdictional

threshold amount of $75,000. The district court granted the motion, and remanded the

case to the superior court.

Thereafter, Gallant and the APA filed a renewed motion for a declaratory

judgment, seeking, in relevant part, a declaration that Section 7.05 (a) of the

agreement, which precluded Gallant from recruiting or hiring R&C employees (the

"non-recruitment provision"), and Section 7.05 (b), which precluded Gallant from

_____

[2] In her petition, Gallant correctly noted that the 2011 act revising Georgia law related to restrictive covenants in contracts (OCGA § 13-8-50 *et seq*.) does not apply to contracts entered into before May 11, 2011. Ga. L.2011, p. 399, § 5; *Holton v. Physician Oncology Servs, LP*, 292 Ga. 864, 870 (3) n.4 (742 SE2d 702) (2013). Because it is undisputed that the employment agreement in this case was entered into in 2008, OCGA § 13-8-50 *et seq*. does not apply. Instead, we apply Georgia law relating to restrictive covenants in employment contracts as it existed prior to the revisions in OCGA § 13-8-50 *et seq*.

4

soliciting R&C clients or potential clients (the "non-solicitation provision"), were overbroad and unenforceable. CMGRP filed an answer, opposing the motion for a declaratory judgment, and asserting numerous counterclaims against Gallant and the APA.[3] Following a hearing on the matter, the trial court, in a somewhat conclusory order, granted Gallant and the APA's petition for a declaratory judgment, declaring, *inter alia*, that Section 7.05 of the agreement, which contained the non-solicitation and non-recruitment provisions, was void and unenforceable. In its order, the trial court cited no legal authority to support the foregoing declaration and did not provide the bases for its conclusion.[4] This appeal by CMGRP follows.

1. As an initial matter, Gallant[5] argues that the declaratory judgment should be affirmed because CMGRP "tendered no evidence" to show that the employee non-recruitment provision in Section 7.05 (a) of the agreement was "reasonably necessary

---

[3] It appears that CMGRP's counterclaims and other claims between the parties that were not resolved by the declaratory judgment are still pending before the trial court.

[4] We note that neither party requested that the trial court provide specific findings or reasoning to support its judgment, but "we will nonetheless affirm a judgment that is right for any reason." *Fox Run Props., LLC v. Murray*, 288 Ga. App. 568, 572 (2) (a) n.2 (654 SE2d 676) (2007).

[5] For ease of reference, Gallant and the APA will now be referred to collectively as "Gallant."

to protect a legitimate business interest."[6] And although the trial court did not address this issue, Gallant notes that this Court can affirm the trial court's judgment if it is right for any reason.[7] But our right-for-any-reason rule applies only when "*the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond*."[8] Here, at the hearing on Gallant's motion for a declaratory judgment, she never contended that CMGRP was required to present evidence to show that the non-recruitment provision in her employment contract was reasonably necessary to protect a legitimate business interest. Instead, she argued that whether the provision was enforceable was a "judicial question" that the trial court must make after reviewing the contract. And because she failed to raise the issue of CMGRP's failure to present

---

[6] On appeal, CMGRP challenges only the trial court's determination that the employee non-recruitment provision in Section 7.05 (a) of the agreement is void and unenforceable. CMGRP appears to concede that the client non-solicitation provision in Section 7.05 (b) is invalid.

[7] *See supra* note 4.

[8] *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013); *see, e.g.*, *Abellera v. Williamson*, 274 Ga. 324, 327 (2) (553 SE2d 806) (2001) (explaining that when an appellate court determines whether a trial court's judgment was right for any reason, it must ascertain whether the judgment was right for a ground presented to the trial court that the court chose not to address in its judgment).

evidence below, we will not consider it for the first time on appeal.[9] Moreover, any presentation of evidence by CMGRP (other than the employment contract itself) would have been irrelevant because, as acknowledged by Gallant below, "[w]hether the restraint imposed by [an] employment contract is reasonable is a question of law for determination by the court . . . ."[10]

2. CMGRP argues that the trial court erred to the extent that it found that the non-recruitment provision is void because it lacked a geographic limitation or because it was not limited to the recruitment of employees with whom Gallant had an established relationship (an "employee-relationship limitation").

---

[9] *See Pfeiffer v. Ga. Dep't of Transp*., 275 Ga. 827, 829 (2) (573 SE2d 389) (2002) ("Routinely, this Court refuses to review issues not raised in the trial court. . . . Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court." (punctuation and footnotes omitted)).

[10] *W. R. Grace & Co., Dearborn Div. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). We acknowledge that "[a] questionable restriction, if not void on its face, may require the introduction of additional facts to determine whether it is reasonable." *Atlanta Bread Co. Int'l v. Lupton-Smith*, 292 Ga. App. 14, 15 (663 SE2d 743) (2008). But again, neither party argued to the trial court that the validity of the non-recruitment provision was "questionable," and regardless, we hold that the provision is indubitably valid for the reasons set forth *infra*.

7

We begin by reiterating that whether "the restraints imposed by a restrictive covenant are reasonable is a question of law for determination by the court."[11] And generally, we have held that employee non-recruitment provisions must be both reasonably limited in time, as well as not so vague or ambiguous as to be unenforceable.[12] Here, the employee non-recruitment provision in the agreement provides:

---

[11] *Lupton-Smith*, 292 Ga. App. at 15.

[12] *See Wright v. Power Indus. Consultants, Inc*., 234 Ga. App. 833, 839 (5) (508 SE2d 191) (1998), *overruled on other grounds by Advance Tech. Consultants, Inc. v. Roadtrac*, *LLC*, 250 Ga. App. 317 (551 SE2d 735) (2001) (holding that a covenant prohibiting an employee from attempting to recruit or entice an employee away from the employer for a period of one year following termination of employment was reasonable in scope and duration); *Sunstates Refrigerated Servs., Inc. v. Griffin*, 215 Ga. App. 61, 61, 64 (2) (449 SE2d 858) (1994) (holding that a covenant against interference with the employment relations of the former employer for a period of two years following the employment contract's termination was reasonably limited in time and not so vague or ambiguous as to be unenforceable); *U3S Corp. of Am. v. Parker*, 202 Ga. App. 374, 376-77 (2) (a) (414 SE2d 513) (1991) (holding that a two-year employee non-recruitment covenant was not so vague as to make the covenant unenforceable when it stipulated that the employee may not "solicit or otherwise encourage others to leave" their employment). Although the parties have not raised the issue, we note that, given the foregoing cases upholding one-and-two-year non-recruitment provisions, the one-year employee non-recruitment provision in Gallant's employment contract is reasonably limited in time.

8

7.05 During the period from the [date of the agreement] through and for a period of one (1) year following the termination of Employee's employment hereunder for any reason, the Employee shall not:

(a) directly or indirectly (i) solicit any employee of the Company to leave such employ to enter the employ of Employee or of any person, firm, or corporation with which the Employee is then associated, or (ii) induce or encourage any such employee of the Company to leave the employment of the Company or to join any other company, or (iii) hire any such employee of the Company, or (iv) otherwise interfere with the relationship between the Company and any employee of the Company . . . .

With these legal principles and contract provisions in mind, we turn now to CMGRP's specific claims of error.

(a) *Geographic Limitation*

Although the brief in support of Gallant's motion for a declaratory judgment specifically discussed the absence of a geographical limitation in the non-recruitment provision, she now contends that she never argued that "an employee restriction was void absent a territorial restriction." Regardless, the hearing transcript establishes that the trial court considered *only* Gallant's argument that the provision was overbroad because it was not limited to the recruitment of employees with whom she had an

established relationship. Specifically, when CMGRP began to address the issue of a geographic limitation, the court interjected, stating that it never heard Gallant mention a geographic limitation, and clarified that her concern was with the lack of an employee-relationship limitation. When CMGRP further explained that the geographic-limitation issue had been raised in Gallant's briefs, the trial court posited that she had abandoned that issue and instructed CMGRP to "stick to the issue that [she had] raised." Subsequently, Gallant confirmed that she did not believe that a non-recruitment provision must always contain a geographic limitation, but that absent such a limitation, the provision must be limited to the recruitment of employees with whom she had "material contact."

As previously mentioned, issues not raised at trial "will not be considered for the first time on appeal."[13] Appellate courts are courts for the correction of errors of law made by the trial courts, and "an error of law has as its basis a specific ruling made by the trial court."[14] And while the trial court did not detail its conclusions of law in the declaratory judgment, the court made clear at the hearing that it did not

[13] *Guin v. Alarm Detection Indus., Inc.*, 278 Ga. App. 114, 117 (2) (628 SE2d 376) (2006).

[14] *Campbell v. Ailion*, 338 Ga. App. 382, 385 n.3 (790 SE2d 68) (2016) (punctuation omitted).

believe that the lack of a geographic limitation in the non-recruitment provision was at issue. Nevertheless, it is worth noting that this Court has upheld employee non-recruitment provisions that lacked a geographic limitation.[15]

(b) *Employee-Relationship Limitation*.

We have repeatedly upheld employee non-recruitment provisions that were not limited to employees with whom the former employee had an established relationship.

[15] *See, e.g.*, *Sanford v. RDA Consultants, Ltd.*, 244 Ga. App. 308, 310 (1), 311 (2) (535 SE2d 321) (2000) (upholding an employee non-recruitment provision that lacked a geographic limitation); *Wright*, 234 Ga. App. at 839 (5) (same); *Griffin*, 215 Ga. App. at 61, 64 (2) (same); *Parker*, 202 Ga. App. at 376-77 (2) (a) (same); *Lane Co. v. Taylor*, 174 Ga. App. 356, 359-60 (2) (b) (330 SE2d 112) (1985) (physical precedent only) (same); *but see Capricorn Sys., Inc. v. Pednekar*, 248 Ga. App. 424, 427 (2) (b) (546 SE2d 554) (2001) (holding that a restrictive covenant that had no definite geographic-area limitations as to competition, solicitation of clients, or recruiting of employees rendered the covenant unenforceable for being overbroad); *see also Palmer & Cay of Ga., Inc. v. Lockton Cos., Inc.*, 273 Ga. App. 511, 514 (1) (615 SE2d 752) (2005), *reversed on other grounds by Palmer & Cay of Ga., Inc. v. Lockton Cos., Inc.*, 280 Ga. 479 (629 SE2d 800) (2006) (noting that, as to the lack of a territorial restriction in an employee non-recruitment clause, "requiring an express geographic territorial description in all cases is not in keeping with the reality of the modern business world in which an employee's 'territory' knows no geographic bounds, as the technology of today permits an employee to service clients located throughout the country and the world" (punctuation omitted)). As discussed *infra*, although *Lane* is physical precedent only, it was approved of and relied upon in *Wright* and *Parker*. *See Wright*, 234 Ga. App. at 839 (5); *Parker*, 202 Ga. App. at 377 (2) (a); *see also Johnson v. Butler*, 323 Ga. App. 743, 746 n.13 (748 SE2d 111) (2013) (explaining that the fact an opinion is physical precedent is ultimately of no consequence if a subsequent, unanimous panel of this Court fully adopts the opinion's reasoning).

11

For example, in *Palmer & Cay of Georgia, Inc. v. Lockton Companies, Inc.*[16] this Court rejected the appellants' claim that an employee non-recruitment covenant was overbroad because it prohibited solicitation of employees that they had never met and prohibited encouraging employees to leave regardless of the reason.[17] The covenant in that case mandated that for two years after the employee's employment ended, "the [e]mployee will not, directly or indirectly, attempt in any manner to cause or otherwise encourage *any employee* of the Company to leave the employ of such corporation."[18] In upholding this restrictive covenant as valid, we explained that "there are numerous cases upholding covenants with similar language."[19] Furthermore, we noted that the appellants had cited no case law in support of their argument regarding the lack of an employee-relationship limitation, and we found none.[20]

---

[16] 273 Ga. App. 511.

[17] *See id.* at 515 (1).

[18] *Id.* at 514 (1) (emphasis supplied).

[19] *Id.* at 515 (1).

[20] *See id.*

Additionally, in *Lane v. Taylor*,[21] we upheld a similar employee non-recruitment provision that stated that the employee would not "hire or attempt to hire for another employer *any employee* of Employer or directly or indirectly cause any such employee to leave his employment in order to work for another."[22] Indeed, we explained that the covenant was "not too broad in its scope to sustain a finding that

---

[21] 174 Ga. App. 356.

[22] *Id* at 359-60 (2) (b) (emphasis supplied). Gallant argues at length that we should discount our decision in *Lane* because it is physical precedent only, and she contends that this Court erroneously relied on *Lane* in subsequent cases when evaluating the validity of employee non-recruitment provisions. Further, Gallant cites numerous cases in which this Court cited or relied on *Lane* in doing so. But as previously explained, the fact that a case is physical precedent is ultimately of no consequence if a subsequent, unanimous panel of this Court fully adopts the opinion's reasoning. *See Johnson*, 323 Ga. App. at 746 n.13; *see also Muldrow v. State*, 322 Ga. App. 190, 195 (3) n.29 (744 SE2d 413) (2013) ("This is not to say, however, that a party on appeal should shy away from citing physical precedent as persuasive authority. Indeed, some of the judges on this Court are of the view that our physical-precedent cases should be afforded greater consideration than decisions from appellate courts in other jurisdictions. Nevertheless, it is crucial that litigants explicitly designate physical precedent as such, and thoroughly explain why this Court should adopt the reasoning from that particular opinion."). Regardless, *Lane* is far from the only case in which this Court upheld a non-recruitment provision that lacked an employee-relationship limitation. Lastly, Gallant also contends that our decision in *Parker*, which relied on *Lane*, is "a split opinion by nine judges [that] appears itself to be 'physical precedent only[.]'" She is mistaken. In *Parker*, a five-judge majority fully concurred in the opinion. *See* 202 Ga. App. at 380 (4).

it was needed to protect legitimate business interests."[23] Additionally, similar

language was found to be permissible in both scope and duration in *Sanford*[24] and

*Parker*[25] (which is one of the cases that cites *Lane* for support).[26] In another case, we

upheld an employee non-recruitment provision, which prohibited the former

employee from "contacting or encouraging another to contact any person who is, at

that time, and was, during the term of this Agreement, an employee, agent or

contractor of [the employer] in a managerial, sales, representative or skilled capacity

for the purpose or with the intent of enticing him or her away from the employ of [the

employer] for any reason" for a period of one year.[27] And while this non-recruitment

---

[23] *Lane*, 174 Ga. App. at 360 (2) (b).

[24] 244 Ga. App. at 309, 311 (2) (upholding a restrictive covenant in which the employee agreed "not to attempt to employ or assist any other person in employing or soliciting for employment any employee employed by [the former employer]")

[25] 202 Ga. App. at 376-77 (2) (a) (upholding a restrictive covenant wherein the employee agreed not to "solicit or in any manner encourage employees of the Company to leave the employ of the Company" for a period of two years and stating "[w]e do not believe that the phrase 'or in any manner encourage employees of the Company to leave" is so vague or ambiguous as to be unenforceable")

[26] *See id.* at 377 (2) (a).

[27] *Wright*, 234 Ga. App. at 839 (5) (punctuation omitted), *overruled on other grounds by Advance Tech. Consultants, Inc.*, 250 Ga. App. 317 ; *see Griffin*, 215 Ga. App. at 61, 64 (2) (citing *Parker* and upholding an employee non-recruitment provision that did not contain an employee-relationship limitation).

14

provision limited the *types* of employees that could not be recruited, it made no reference whatsoever to whether those employees had an established relationship with the former employee at issue.

Rather than reasserting the argument that she made below (*i.e.*, that a non-recruitment provision without an employee-relationship limitation is void and unenforceable), Gallant asserts that CMGRP's "sophistic exegesis on this Court's application of restrictive covenant law to employee contacts . . . is, in the end, a distraction." She essentially maintains that CMGRP's argument on appeal is without consequence because it failed to present evidence to the trial court justifying the employee-recruitment restriction "in the context of [R&C's] business and Gallant's role in it." But we have already considered and rejected that argument in Division 1 *supra*.

Lastly, we acknowledge that, as noted by Gallant, this Court, in *Hulcher Services, Inc. v. R. J. Corman Railroad, Co., LLC*,[28] stated that "restrictions on solicitation of [the employer's] clients or employment of its employees" was unreasonable, at least in part, because the employee "had no contact with customers

---

[28] 247 Ga. App. 486 (543 SE2d 461) (2000).

15

or employees outside his work area sufficient to establish a relationship with them."[29]

But significantly, the only restrictive covenant at issue in that case was a non-compete

provision that prevented the former employee from working for a competitor of the

employer for three years in five specific states in any capacity.[30] Thus, the additional

language regarding a restriction on "the employment of its employees" was nothing

more than "obiter dicta lacking the force of an adjudication" because it was a

statement that was "not necessarily involved nor essential to determination of the case

in hand."[31] And as the Supreme Court of the United States has aptly noted, "we are

not bound to follow our dicta in a prior case [when] the point now at issue was not

fully debated."[32] In sum, given the numerous cases in which we have upheld non-

---

[29] *Id.* at 491-92 (4).

[30] *See id.* at 487 (3).

[31] *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008); *accord Thorpe v. Sterling Equip. Co.*, 315 Ga. App. 909, 911 (1) (729 SE2d 52) (2012).

[32] *Zepp*, 283 Ga. at 397 (punctuation omitted) (citing *Cent. Va. Cmty. College v. Katz*, 546 U.S. 356, 363 (126 SCt 990, 163 LE2d 945) (2006)); *accord Fed. Tr. Bank v. C.W. Matthews Contracting Co.*, 312 Ga. App. 200, 203 (1) (718 SE2d 63) (2011).

16

recruitment provisions similar to the one at issue in this case, the trial court erred in finding that it was overbroad and unenforceable.[33]

3. Lastly, CMGRP argues that the trial court erred to the extent it found that the non-recruitment provision in the agreement is void because the customer non-solicitation provision in the same agreement is void. Again, we agree.

As noted *supra*, CMGRP does not challenge the trial court's finding that the non-solicitation provision of the agreement, which prevents a former CMGRP employee from soliciting its clients or potential clients for a period of one year is void and unenforceable. In Georgia, there are four basic types of restrictive covenants: (1) non-competition; (2) non-solicitation of customers/clients; (3) non-recruitment of employees; and (4) non-disclosure of confidential information.[34] And we have held that, as to non-compete and non-solicitation covenants (the first two types), "if one of them is unenforceable, then they are all unenforceable."[35] On appeal, Gallant

---

[33] *See supra* notes 16-27 & accompanying text.

[34] *Albany Bone & Joint Clinic, P.C. v. Hajek*, 272 Ga. App. 464, 466 (612 SE2d 509) (2005).

[35] *Advance Tech. Consultants, Inc. v. Roadtrac, LLC*, 250 Ga. App. 317, 320 (2) (551 SE2d 735) (2001); *see Ward v. Process Control Corp.*, 247 Ga. 583, 584 (2) (277 SE2d 671) (1981) ("If any covenant *not to compete* within a given employment contract is unreasonable either in time, territory, or prohibited business activity, then

17

argues that because the non-solicitation provision, which prohibits the solicitation of CMGRP's clients or prospective clients, is void, *all* restrictive covenants in the agreement, including the non-recruitment provision, are unenforceable. But her argument ignores that "the rule that unenforceable non-compete covenants will not be severed . . . does not apply equally to all types of covenants restricting competition."[36]

Indeed, non-compete and non-solicitation covenants are "all . . . treated as non-compete covenants for purposes of the non-severability rule [that] if any one is

---

all covenants *not to compete* within the same employment contract are unenforceable." (emphasis supplied)); *Lapolla Indus., Inc. v. Hess*, 325 Ga. App. 256, 263 (2) (750 SE2d 467) (2013) (holding that, as to three non-compete and non-solicitation covenants at issue, "all are treated as non-compete covenants for purposes of the non-severability rule—if any one is unenforceable, all three are unenforceable"); *Hogan Mgmt. Servs., P.C. v. Martino*, 242 Ga. App. 791, 793 (1) (530 SE2d 508) (2000) (holding that because a non-solicitation clause was overly broad, the "entire covenant not to compete [was] unenforceable"); *Griffin*, 215 Ga. App. at 63 (2) (holding that a restrictive covenant not to compete with a former employer was over broad due to the lack of a territorial restriction, which meant that the "non-competition provision concerning solicitation of [the employer's] customers must also fail"); *Adcock v. Speir Ins. Agency, Inc.*, 158 Ga. App. 317, 319 (279 SE2d 759) (1981) ("If any of the several *limitations on competition* contained within the restrictive covenants are invalid, the entire covenant must fall." (emphasis supplied)).

[36] *Hess*, 325 Ga. App. at 263 (2).

18

unenforceable, all three are unenforceable."[37] But covenants restricting the solicitation, recruitment, or hiring of employees, such as the non-recruitment provision at issue in this case, "are analyzed separately."[38] And such covenants do not "automatically fail under the non-severability rule if any one of the others fail."[39]

In arguing that if *any* restrictive covenant in an employment agreement is void, than all other covenants are void, including non-recruitment provisions, Gallant cites to cases of this Court in which the broad language, at first glance, appears to support that position. For example, Gallant relies on *Vulcan Steel Structures, Inc. v.*

---

[37] *Id.*

[38] *Id.*

[39] *Id.*; *see Mathis v. Orkin Exterminating Co.*, 254 Ga. App. 335, 337 (2) (562 SE2d 213) (2002) ("We analyze [non-recruitment] clauses in employment agreements separately from non[-]solicit and non[-]compete clauses and clauses dealing with clients of the former employer."); *Griffin*, 215 Ga. App. at 62 (2) ("[T]he specific 'non[-]competition" prohibitions concerning employment and customer solicitation must be analyzed separately from those concerning disclosure of confidential business information and employee piracy [*i.e.*, recruitment]."); *Lane*, 174 Ga. App. at 359 (2) (noting that, although there can be no severability of covenants not to compete, the same is not true for covenants not to hire employees of a former employer); *Cf. Ward*, 247 Ga. at 584 (1) (noting that "a covenant not to compete and a covenant not to disclose confidential information may be independently maintained under the same employment contract"); *Wiley v. Royal Cup, Inc.*, 258 Ga. 357, 359 (1), 360 (2) (370 SE2d 744) (1988) (holding that a non-disclosure provision could be enforced independently of an unenforceable covenant not to compete whether it is in the same or distinct provisions of the employment agreement).

19

*McCarty*,[40] a case in which we held that a non-solicitation clause was void because it prohibited unsolicited contact with the employer's customers.[41] And we further held that "because the non[-]solicitation of customers covenant is unenforceable, the trial court correctly concluded that none of the covenants are enforceable."[42] But that case is readily distinguishable because the employment contract at issue did not contain a *non-recruitment* provision to be analyzed separately. Indeed, this Court noted that the agreement the employee signed contained only "confidentiality, non[-]compete, and non[-]solicitation covenants."[43] Lastly, Gallant attempts to distinguish this

---

[40] 329 Ga. App. 220 (764 SE2d 458) (2014).

[41] *See id.* at 223-24 (1)

[42] *Id.* at 225 (2).

[43] *Id.* at 222. To understand the potential confusion that might arise from the broad language used in *McCarty*, it is helpful to review the cases that it relied upon for support. Specifically, in support of its broad pronouncement that, if any of the covenants in the employment agreement were unenforceable, then all of the restrictive covenants were unenforceable, the *McCarty* Court quoted *Cox v. Altus Healthcare & Hospice, Inc.*, 308 Ga. App. 28 (706 SE2d 660) (2011). But while *Cox* involved non-compete, non-solicitation, *and* non-recruitment provisions, the Court addressed each restrictive covenant on the merits. *See Cox*, 308 Ga. App. at 31-32 (b)-(d). As to the non-recruitment provision, this Court held in *Cox* that it was invalid on its face because it barred the employee from even unsolicited contact with the employer's other employees or affiliates. *See id.* at 32 (d). And to support *its* pronouncement that, if any restrictive covenant in an employment agreement is invalid, then all covenants in the agreement are unenforceable, *Cox* quoted *Advance Technology Consultants,*

20

Court's cases holding that a void non-compete provision does not necessarily invalidate a non-recruitment provision, which must be analyzed separately, by contending that, unlike this case, the employment agreements in those cases contained a severability clause.[44] But this argument ignores that "[t]here can be no 'blue pencil theory' of severability of covenants not to compete *even where there is a severability clause.*"[45] Gallant fails to explain or provide any legal support for her apparent argument that non-recruitment clauses are only severable if an agreement contains a severability clause, while different non-compete provisions are never severable from

---

*Inc. v. Roadtrac*, *LLC*, which *only* involved a review of non-solicitation or non-compete covenants. *See Cox*, 308 Ga. App. at 32 (e) (quoting *Advance Tech. Consultants*, 250 Ga. App. at 320 (2)). Thus, it appears that Gallant is reading *McCarty* more broadly than the language in that opinion will allow. Significantly, neither *Advance Technology Consultants*, *McCarty*, nor *Cox* specifically addressed or overruled this Court's precedent, set forth *supra*, expressly holding that a non-recruitment provision is evaluated separately from non-compete provisions and is not necessarily void merely because a non-compete or non-solicitation provision is void. *See Bodiford v. State*, 328 Ga. App. 258, 262 (1) n.3 (761 SE2d 818) (2014) ("[A] unanimous decision by a three-judge panel of this Court remains binding precedent until such time as it is modified or reversed by this Court en banc or our Supreme Court." (punctuation omitted)).

[44] *See, e.g.*, *Griffin*, 215 Ga. App. at 62 (2) (noting that "[t]he parties agreed upon the severability of the document's covenants and provisions"); *Lane*, 174 Ga. App. at 356 (quoting the relevant agreement's severability clause). We note that Gallant also relies on several federal cases, which are not binding on this Court.

[45] *Lane*, 174 Ga. App. at 358 (2) (emphasis supplied).

21

each other. In sum, given our well-established precedent, set forth *supra*, holding that a non-recruitment provision is not necessarily void merely because a non-compete provision in the same agreement is void, the trial court erred to the extent that it found otherwise.

For all these reasons, we affirm, in part, the trial court's declaratory judgment as to its ruling on the non-solicitation clause, which has not been challenged on appeal, and reverse, in part, to the extent that the court found that the non-recruitment provision in Gallant's employment agreement was void and unenforceable for any of the reasons presented below.

*Judgment affirmed in part, and reversed in part. Ray, P. J., and Self, J., concur.*